IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
APR - 5 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | |
| HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT (1) also known as the "HLF" SHUKRI ABU BAKER (2) MOHAMMAD EL-MEZAIN (3) GHASSAN ELASHI (4) HAITHAM MAGHAWRI (5) AKRAM MISHAL (6) MUFID ABDULQADER (7) ABDULRAHMAN ODEH (8) | § § § § § § § § § § | 3:04-CR- 240- G |

## PROTECTIVE ORDER

This matter comes before the Court upon the Government's Motion for Protective Order to prevent the unauthorized use, disclosure or dissemination of classified national security information and documents which will be reviewed by or made available to, or are otherwise in the possession of, defense counsel in this case.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (1994) (CIPA); the Security Procedures Established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA Section 9); Rules 16(d) and 57 of the Federal Rules of Criminal Procedure; the general supervisory authority of the Court; and in order to protect the national security,

PROTECTIVE ORDER (CIPA) - Page 1

IT IS HEREBY ORDERED:

1. The Court finds that this case will involve classified national security information, the storage, handling and control of which, by law or regulation, requires special security precautions, and access to which requires a security clearance and a "need-to-know."

2. The purpose of this Order is to establish the procedures that must be followed by all defense counsel of record, their designated employees, all other counsel involved in this case, translators for the defense, any Court personnel, and all other individuals who receive access to classified information or documents in connection with this case.

3. The procedures set forth in this Protective Order, CIPA, and the Foreign Intelligence Surveillance Act of 1978 (FISA) shall apply to all pre-trial, trial, post-trial, and appellate aspects concerning this case, and may be modified from time to time by further order of the Court acting under Fed. R. Crim. P. 16(d), Sections 3 and 9 of CIPA and FISA, and its inherent supervisory authority to ensure a fair and expeditious trial.

Definitions

4. As used herein, the terms "classified national security information and documents," "classified information" and "classified documents" refer to:

    a. Any classified document or information which has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive

Order 12958 or its predecessor Orders as "CONFIDENTIAL," "SECRET," OR "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)," or any information contained in such documents;

b. Any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from United States government information that was classified, regardless whether such document or information has subsequently been classified by the government pursuant to Executive Order 12958 or its predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

c. Verbal classified information known to the defense counsel;

d. Any document and information, including verbal information, as to which the defense counsel have been notified orally or in writing that such documents or information contain classified information; or,

e. Any information, regardless of place or origin and including "foreign government information," as that term is defined in Executive Order 12958, that could reasonably be believed to contain classified information, or that refers or relates to national security or intelligence matters; and,

f. Any information including, but not limited to any subject obtained from the Central Intelligence Agency, the National Security Agency, the Defense

Intelligence Agency, the Department of State, National Security Counsel, the Federal Bureau of Investigation, or similar entity, with the exception of items seized by the Federal Bureau of Investigation during the execution of a duly authorized Rule 41 search warrant, shall be presumed to fall within the meaning of classified information unless and until the Court Security Officer or an attorney for the government advises otherwise in writing.

5. The words "documents" or "information" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

    a. Papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts and graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, and telefacsimiles, invoices, worksheets, and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

    b. Graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

  c. Electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and,

  d. Information acquired orally or verbally.

 6. All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that is the originating agency of the document or the information contained therein (hereinafter, the "originating agency").

 7. Information in the public domain is ordinarily not classified. However, such information may be considered as classified, and therefore subject to the provisions of CIPA, if it is confirmed by any person who has, or has had, access to the classified information, and that confirmation corroborated the information in question. Any attempt by the defendant(s) or defense counsel to have such information confirmed or denied at trial, or in connection with any pretrial or other proceeding in this case, shall be governed by CIPA and all provisions of this Order.

 8. "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information.

 9. "Secure area" shall mean a physical facility accredited for the storage, handling, and control of classified information.

10. <u>Court Security Officer</u> - In accordance with the provisions of CIPA and the Security Procedures, the Court designates John Molinard Security Specialist as Court Security Officer for this case, and Jennifer Campbell, Mary M. Cradlin, Christine E. Gunning, Barbara J. Russell, Daniel O. Hartenstine, James P. Londergan, and Michael P. Macisso as Alternate Court Security Officers, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified documents or information to be made available in connection with this case. Defense counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified documents and information.

11. <u>Government Attorneys</u> - The Court has been advised that the following government attorneys working on this case, Assistant U.S. Attorneys Jim Jacks and Nathan Garrett and U.S. Department of Justice Trial Attorneys Barry Jonas and Elizabeth Shapiro, and their respective supervisors, have the requisite security clearances to have access to the classified documents and information that relates to this case. All references to government attorneys, or attorneys for the government, as used in this Order, refer only to the attorneys listed in this paragraph and their respective supervisors.

12. <u>Protection of Classified Information</u> – The Court finds that, in order to protect the classified information involved in this case, no person, including the defendants and any witness for the defense, except government attorneys, appropriately cleared Department of Justice employees, personnel of the originating agency, defense

counsel, employees of defense counsel or translators employed by defense counsel, shall have access to the classified information in this case. No defense counsel, employee of defense counsel or translator shall have access to any classified information in this case unless that person shall first have:

      a.      Signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court. The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense as an employee or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

      b.      Persons other than government attorneys, appropriately cleared Department of Justice employees, and personnel of the originating agency, can only obtain access to classified documents and information after having been granted a security clearance by the Court Security Officer, and with permission of the Court, either through this Order, (for those named in paragraph 13 below), or by a separate Order upon showing of a need to know. Before any person other than government attorneys, appropriately cleared Department of Justice employees, and personnel of the originating agency, is permitted by the Court to inspect and review classified information, he or she must also sign the Memorandum of Understanding.

13. <u>Defense Counsel</u> - Subject to the provisions of paragraph 12, the following attorneys for the defense, their approved employees and translator (collectively referred to herein as "the defense"), shall be given access to classified documents and information as required by the government's discovery obligations and otherwise as necessary to prepare for proceedings in this case: John Boyd for the Holy Land Foundation for Relief & Development; Nancy Hollander for Shukri Abu Baker; Joshua Dratel for Mohammad El-Mezain; Tim Evans for Ghassan Elashi; Marlo P. Cadeddu for Mufid Abdelqader; and Greg Westfall for Abdulrahman Odeh.

Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after obtaining from the Court -- with prior notice to the government -- an approval for access to the appropriate level of classification on a need-to-know basis, and after satisfying the other requirements described in this Order for access to classified information. The substitution, departure, or removal for any reason from this case of defense counsel or anyone associated with the defense as an employee or witness or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

14. Unless already holding an appropriate security clearance, and approved for access to classified information in this case, for the purpose of establishing security clearances necessary for access to classified information that may be involved in this

case, standard Form 86 ("Security Investigation Data for Sensitive Position"), attached releases, and "major case" fingerprints shall be completed and submitted to the Court Security Officer forthwith by the defense counsel, all persons whose assistance the defense reasonably requires, and by such Court personnel as the Court requires for its assistance. The Court Security Officer shall take all reasonable steps to process all security clearance applications.

15. <u>Area of Review</u> - The Court Security Officer shall arrange for an appropriately approved secure area for the use by the defense. The Court Security Officer shall establish procedures to assure that the secure area is accessible to the defense during normal business hours and at other times on reasonable request as approved by the Court Security Officer. The secure area shall contain a separate working area for the defense, and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defendants' defense in this case. The Court Security Officer, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No documents containing classified information may be removed from this secure area unless authorized by the Court Security Officer. The Court Security Officer shall not reveal to the government the content of any conversations she or he may hear among the defense, nor reveal the nature of documents being reviewed by them, or the work generated by them. In addition, the

presence of the Court Security Officer shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege.

16. If, upon the entry of a separate order of the Court, it becomes necessary for defendant(s) to review or discuss classified matters, or otherwise meet with defense counsel, in the Secure Area, this will only occur under appropriate supervision to ensure that the defendant(s) does not escape, attempt to escape, cause physical injury to himself or others, or remove, copy, alter, or destroy classified information, or obtain access to classified information the defendant(s) is not entitled to review, and to ensure that the defendant(s) does not use the opportunity to review the classified materials to circumvent any applicable security restrictions, including any Special Administrative Measures imposed by the Bureau of Prisons, other prison regulations, and the other orders of this Court governing discovery in this case.

17. <u>Filings with the Court</u> - Until further order of this Court, any pleading or other document filed by the defense, which defense counsel knows, or has reason to know, contains classified information in whole or in part, believes may be classified in whole or in part, or is unsure of the proper classification of the document or pleading, shall be filed under seal with the Court through the Court Security Officer. The time of physical submission to the Court Security Officer shall be considered the date and time of filing. The Court Security Officer shall promptly examine the pleading or documents and, in consultation with representatives of the appropriate agencies, determine whether

the pleading or document contains classified information. If the Court Security Officer determines that the pleading or document contains classified information, she or he shall ensure that that portion of the document, and only that portion, is marked with the appropriate classification marking and that the document remains under seal. All portions of any document filed by the defense that does not contain classified information shall immediately be unsealed by the Court Security Officer and placed in the public record. The Court Security Officer shall immediately deliver under seal to the Court and counsel for the government any pleadings or document to be filed by the defense that contains classified information; the Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer.

18.     Any pleading or other document filed by the government containing classified information shall be filed under seal with the Court through the Court Security Officer. The date and time of physical submission to the Court Security Officer shall be considered the date and time of the filing.

19.     <u>Access to Classified Information</u> – Defense counsel, their designated employees and translators, shall have access to classified information only as follows:

   a.     All classified information produced by the government to the defense, in discovery or otherwise, and all classified information possessed, created, or

maintained by the defense, shall be stored, maintained, and used only in the secure area established by the Court Security Officer;

    b.    The defense shall have free access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials. However, the defense shall not, except under separate Court order, disclose the classified information, either directly, indirectly or in any manner which would disclose the existence of such, to pursue leads or in the defense of the defendants;

    c.    No person, including the defense, shall copy or reproduce any classified information in any form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area;

    d.    All documents prepared by the defense (including without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information, shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information, and in the secure area on approved word processing equipment and in accordance with the procedures approved by the Court Security Officer. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in

the secure area unless and until the Court Security Officer determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the government;

  e. The defense shall discuss classified information only within the secure area or in another area authorized by the Court Security Officer, and shall not discuss or attempt to discuss classified information over any standard commercial telephone instrument or office intercommunication system;

  f. The defense shall not disclose, without prior approval of the Court, the contents of any classified documents or information to any person not authorized pursuant to this Order, including the defendants and defense witnesses, except the Court, Court personnel, and the attorneys for the government, who have been identified by the Court Security Officer as having the appropriate clearances and the need to know that information. Counsel for the government shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all terms and conditions of this Order. If preparation of the defense requires that Classified information be disclosed to persons not named in this Order, then, upon approval by the Court and

upon notice to the government, the Court Security Officer shall promptly seek to obtain security clearances for them at the request of defense counsel.

20. <u>Foreign Intelligence Surveillance Act (FISA)</u> - The defendants have rights under the United States Constitution, federal statutes and the Federal Rules of Criminal Procedure to pre-trial discovery. The Government recognizes its obligation to provide such discovery materials to defense counsel in the most expeditious manner possible, consistent with public safety and the confidentiality of sensitive ongoing investigations. Therefore, to the extent that FISA-obtained or derived information is provided to the defense counsel:

    a. the parties agree that both the defense and the government shall have access to such FISA information regardless of prior minimization efforts undertaken by the government upon initial review of the materials;

    b. any draft transcripts or summaries of translated electronic and paper materials, shall not be used in any proceeding for any purpose, including cross-examination of any witness except pursuant to CIPA.

    c. the parties agree that the disclosure and discovery of materials that may be provided to the court pursuant to FISA for legal determinations shall be governed by the provisions of FISA notwithstanding any other provisions of this order.

21. Procedures for the use or the public disclosure of classified information by the defense shall be those provided in Sections 5 and 6 of CIPA. No classified information may be used or disclosed by the defense except:

    a. To the Court, Court personnel, and government attorneys and their agents and employees identified by the Court Security Officer as holding proper approvals for access to classified information;

    b. To representatives of the agency or department originating the classified information who have been identified by the Court Security Officer as holding proper security clearances and having the need to know the classified information;

    c. In accordance with the procedures of CIPA and the procedures established by the Court Security Officer; and,

    d. To persons who have been authorized to have access to classified information pursuant to this Order or to CIPA.

To facilitate the defense filing of notices required under Section 5 of CIPA, the Court Security Officer shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information either within the possession of the defense or about which the defense has knowledge and which the defense intends to use in any way at any pretrial proceeding, deposition or at trial. Nothing submitted by the defense to the Court Security Officer pursuant to this paragraph shall be made available to counsel for the government unless so ordered by the Court, or

so designated by the defense. Any and all items which are classified shall be listed in the defendant's Section 5 notice.

22. <u>Violations of this Order</u> - Any unauthorized use or disclosure of classified information may constitute violations of United States criminal laws. In addition, any violation of the terms of this Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of the Court and possible referral for criminal prosecution. Any breach of this Order will also result in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States. This Order is to ensure that those authorized by the Order to receive classified information will never divulge the classified information disclosed to them to anyone who is not now authorized to receive it, or otherwise use the classified information, without prior written authorization from the originating agency and in conformity with this Order.

23. All classified information to which the defense counsel, defense counsel employees and translators has access in this case is now and will remain the property of the government. The defense counsel, defense counsel employee(s) and translators who receive classified information shall return all such classified information in their

possession obtained through discovery from the government in this case, or for which they are responsible because of access to classified information, upon demand of the Court Security Officer. The notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the Court Security Officer for the duration of this case. At the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the Court Security Officer in the presence of defense counsel.

24. <u>Declassified Material</u> - Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, any and all audio and video tapes (hereinafter called "tapes"), facsimiles, e-mails and any summaries or transcripts thereof, which may be declassified and provided by the government to defense as part of discovery in this case, shall also be governed by the following provisions:

    a. Defense counsel shall not disclose any of the tapes and facsimiles, or summaries thereof, to any person other than the defendant(s), witnesses which they may be interviewing or preparing for trial, and attorneys, law clerks, secretaries, translators, technical and other experts, and investigators involved in the representation of their client;

    b. The tapes, facsimiles, or any copies thereof are now and will forever remain the property of the United States Government. Defense counsel will return the tapes, facsimiles, and all copies to the government at the conclusion of the case;

c. Defense counsel will store the tapes and facsimiles in a secure place consistent with their security classification, if any, and will use reasonable care to ensure that they are not disclosed to third persons, including the media, in violation of this agreement;

d. If defense counsel makes any further copies of any of the tapes and facsimiles, defense counsel will inscribe on each tape the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission . .";

e. If defense counsel release custody of any of the tapes, facsimiles, or their copies, or summaries or transcripts thereof, to any person described in paragraph (a), defense counsel shall provide such recipients with copies of this protective order and advise them that the tapes and facsimiles are the property of the United States Government and that any unauthorized use may constitute a violation of law and/or contempt of court;

f. Nothing herein constitutes a waiver of any right of the defendant, nor does anything herein restrict in any way the right of the defense to use the tapes and facsimiles in connection with any pleading or proceeding in this case;

g. This Order in no way modifies or alters the obligation of all counsel to handle such tapes, facsimiles, and summaries thereof, to the extent such material is classified, in a manner consistent with the CIPA and such protective orders as may be entered by the Court in this case.

25. Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

26. A copy of this Order shall be issued forthwith to counsel for the defendants, who shall be responsible for advising the defendants and defense counsel employees, of the contents of this Order. The defense counsel and defense counsel employees to be provided access to classified information shall execute the Memorandum of Understanding appended to this Order, and defense counsel shall file executed originals with the Court and the Court Security Officer and serve executed originals of such document upon the government. The execution and filing of the Memorandum of Understanding is a condition precedent for the defense counsel, defense counsel employees, and defense witnesses to have access to classified information.

ORDERED this 5 day of April 2005 at Dallas, Texas.

A. Joe Fish
Chief United States District Judge