*ORIGINAL*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.  § | 3:04-CR-240 G |
| § | |
| HOLY LAND FOUNDATION FOR § | |
| RELIEF AND DEVELOPMENT (1) § | |
| also known as the "HLF" § | |
| SHUKRI ABU BAKER (2) § | |
| MOHAMMAD EL-MEZAIN (3) § | |
| GHASSAN ELASHI (4) § | |
| HAITHAM MAGHAWRI (5) § | |
| AKRAM MISHAL (6) § | |
| MUFID ABDULQADER (7) § | |
| ABDULRAHMAN ODEH (8) § | |

**UNITED STATES' UNCLASSIFIED MOTION FOR LEAVE TO FILE AN *EX PARTE, IN CAMERA* SUBMISSION UNDER SEAL,
PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(d)(1) OF THE
FEDERAL RULES OF CRIMINAL PROCEDURE AND ACCOMPANYING MEMORANDUM OF LAW**

The Government hereby moves for leave to make an *Ex Parte, In Camera* Submission Under Seal, pursuant to Section 4 of the Classified Information Procedures Act (hereinafter, "CIPA"), and Rule 16(d)(1) of the Federal Rules of Criminal Procedure (hereinafter, "Rule 16(d)(1)"). For the reasons set forth in the accompanying Memorandum of Law, the United States respectfully requests that the Court allow it to proceed under CIPA with this *ex parte, in camera* submission of documents.

# MEMORANDUM OF LAW

## I. Introduction

During an examination of classified materials in the possession of the United States, counsel for the United States identified certain classified information which it feels should be brought to the Court's attention. Some of this information arguably may be subject to disclosure to the defendants under Rule 16 or some other provision of law, and some, the Government submits, are statements of the defendants which are not relevant under Rule 16(a)(1). Because of the significant and vital national security interests which are at stake, however, the United States respectfully submits that it must seek leave of the Court to file an *ex parte, in camera* submission under seal, in order to obtain authorization from the Court to deny discovery of the classified information in question.

The United States respectfully submits that an *ex parte, in camera* submission is the only procedure by which it can meaningfully apprise the Court of the vast extent to which extremely significant sources and methods of intelligence collection would be needlessly compromised, broader vital national security and foreign policy interests would be unnecessarily harmed, should disclosure of this classified material occur in its original form, or at all.

## II. CIPA and Rule 16(d)(1)

As this Court is well aware, CIPA and the Federal Rules of Criminal Procedure authorize a district court to delete certain items of classified information from materials to be made available to a defendant in discovery. Section 4 of CIPA provides, in pertinent part, that a district court:

> upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C. App. 3, § 4 (1980). Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may at any time order that the discovery or inspection be denied, restricted, or deferred, or make such other order as is appropriate." Fed. R. Crim. P. 16(d)(1)[1]

Prior to the enactment of CIPA, the Supreme Court recognized the need to protect the nation's secrets. "The [executive branch] has available intelligence services whose

---

[1] The legislative history of CIPA makes it clear that Section 4 was intended to buttress the procedures established in Rule 16(d)(1) of the Federal Rules of Criminal Procedure. "When pertaining to discovery materials, this provision [Section 4] should be viewed as clarifying the court's powers under Federal Rules of Criminal Procedure 16(d)(1). This clarification is necessary because some judges have been reluctant to use their authority under this rule although the advisory comments of the Advisory Committee of Rules state that 'among consideration taken into account by the court in deciding on whether to permit discovery to be denied, restricted or deferred' would be 'the protection of information vital to our national security." S. Rep. No. 96-823, at 3 (1980), reprinted in 1980 U.S.C.C.A.N. 4294, 4299-4300.

reports are not and ought not to be published to the world." *Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948); *accord United States v. Nixon*, 418 U.S. 683, 705-06 (1974). More recently, the Supreme Court has stated that "[t]he government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States*, 444 U.S. 507, 509 n. 3 (1980) (per curium)); *United States v. Smith*, 899 F.2d 564, 569 (6th Cir. 1990) (quoting *Snepp*, 444 U.S. 507, 509 n.3).

Where sensitive or classified information at issue needs protection from disclosure "for reasons of national security,"[2] Section 4 of CIPA specifically allows a district court, "to permit the United States to make a request for such [protection] in the form of a written statement to be inspected by the court alone." Section 4 requires no particular showing before the court may grant a request to proceed *ex parte* and *in camera*.

The rationale underlying the statutory provision authorizing *ex parte, in camera* submissions is clear. Where "the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the purpose of the discovery rules." *United States v. Sarkissian*, 841 F.2d 959, 965

---

[2] See 18 U.S.C. App. 3, § 1

U.S. MOTION FOR LEAVE TO FILE *EX PARTE IN CAMERA* SUBMISSION UNDER § 4 OF CIPA AND RULE 16(d)(1), F.R.Cr.P and MEMORANDUM OF LAW - Page 4

(9th Cir. 1988). Thus, the Circuit Court of Appeals for the District of Columbia has long recognized that *ex parte, in camera* submissions to a district court in matters involving national security are proper.

> [I]n a field as delicate and sensitive as foreign intelligence gathering, we think there is every reason which the court should proceed *in camera* and without disclosure to explore the issue of whether [the material] ha[s] any relevance to a criminal prosecution plainly unrelated as subject matter.

*United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 989 (1974); *See also United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir.), cert. denied, 525 U.S. 834 (1998); *United States v. Yunis*, 867 F.2d 617, 620 (D.C. Cir. 1989); *United States v. Felt*, 491 F. Supp. 179, 184-85 (D.D.C. 1979); *see generally United States v. George*, 786 F. Supp. 11, 16-17 (D.D.C. 1991).

Other circuits have also endorsed *ex parte, in camera* proceedings in cases involving classified information. *United States v. O'Hara*, 301 F.3d. 563, 567-69 (7th Cir. 2002) (approving of use of *ex parte in camera* proceedings pursuant to CIPA); *United States v. Sarkissian*, 841 F.2d at 965-66 (9th Cir. 1988) ("Nowhere does CIPA require the government to file a public claim of privilege before making an *in camera ex parte* submission."); *United States v. Pringle*, 751 F.2d 419, 427-28 (1st Cir. 1984) ("We rule that the government correctly followed the pertinent sections of CIPA in this case, and the court's *ex parte in camera* inspection of documents was authorized under Section 4 of CIPA and Federal Rule of Criminal Procedure 16(d)(1)."), *vacated and remanded on*

*other grounds*, 479 U.S. 805 (1986); *United States v. Clegg*, 740 F.2d 16, 18 (9th Cir. 1984) ("It is clear that CIPA is as concerned with controlling disclosure to the defendant as it is with controlling disclosure to the public."). *United States v. Kampiles*, 609 F.2d 1233, 1248 (7th Cir. 1979), *cert. denied*, 446 U.S. 954 (1980) ("It is settled that *in camera, ex parte* proceedings to evaluate bona fide national security information are proper.")

Similarly, Rule 16(d)(1) of the Federal Rules of Criminal Procedure creates a mechanism for a district court to make an *ex parte, in camera* inspection of materials in support of denying or restricting discovery. Rule 16(d)(1) provides that upon motion, "the court may permit a party to make such a showing in whole or in part, in the form of a written statement to be inspected by the judge alone."

In the past fifteen years, the D.C. Circuit has had a number of occasions to address CIPA in the context of terrorism cases, and in each case, *ex parte, in camera* proceedings took place in the district court regarding classified information that was potentially discoverable. In *United States v. Yunis*, 867 F.2d at 619, the defendant sought discovery of his own recorded conversations which were in the possession, custody and control of the United States and, therefore, within the scope of Rule 16. The United States filed an *ex parte, in camera* motion to delete the Rule 16 material from the discovery to be provided to the defendant. The United States was concerned that its national security equities would be compromised, and the disclosure of the Rule 16 statements in an

adversary proceeding would have "compromised" 'intelligence sources and methods.'" Id. at 623. Upon the basis of such representations, both the district court and the court of appeals conducted an *ex parte, in camera* examination of the classified information at issue. Id. at 622. Similarly, in *United States v. Rezaq*, 134 F.3d at 1142, the United States also had "obtained permission from the district court to file an *ex parte, in camera* motion for a protective order." Id. at 1142. Thereafter, the district court examined the classified documents in their original form and approved the classified summaries that were provided to the defense. Id.

Moreover, even in the context of cases that do not involve classified information, the United States Supreme Court and several circuits have endorsed the practice of prosecutors submitting potentially discoverable materials to the trial court *ex parte* in order to obtain a pretrial determination of whether disclosure is required. *See, e.g., United States v. Agurs*, 427 U.S. 97, 106 (1976); *United States v. Innamorati*, 996 F.2d 456, 488 (1st Cir.), *cert. denied sub nom. DeMarco v. United States*, 510 U.S. 955 (1993); *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987); *United States v. Dupuy*, 760 F.2d 1492, 1501 (9th Cir. 1985); *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir.), *cert. denied*, 439 U.S. 694 (1978).

### III. The Court Approved Denial of Discovery

Counsel for the United States has identified classified information in the United States' possession, custody and control which pertains to the defendants but which does

not rise to the level of assistance to the defense that would override the government's national security and classified information privilege. To that end, disclosure of this classified information could compromise significant and vital national security interests. Thus, the United States respectfully submits that upon a review of the *ex parte, in camera* submission, the Court would agree that these items are not discoverable, since the classified information is, at best, only marginally relevant, is not exculpatory, and would be neither helpful to the defense, lead to the discovery of helpful information, nor constitute material essential to the fair determination of this case.

In *United States v. Yunis*, 867 F.2d at 622, the D.C. Circuit held that where the government asserts its national security and classified information privilege, the district court abuses its discretion if it orders disclosure "absent a showing of materiality." Id. at 633, *citing United States v. Grisham*, 748 F.2d 460, 463 (8th Cir. 1984) (per curium). Relying upon *Roviaro v. United States*, 353 U.S. 53 (1957), the D.C. Circuit further held that the government's national security privilege must give way only when the disclosure of classified information "is relevant and helpful to the defense of an accused." *Yunis*, 867 F.2d at 622, quoting *Roviaro*, 353 U.S. at 60-61. *See also United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998). In *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998), the Ninth Circuit followed *Yunis* and held that the disclosure standard is met "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at

1261, quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985). Classified information which is merely cumulative or corroborative, or whose value to the defense is speculative, is not discoverable. *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (en banc).

In many respects, this aspect of the instant case is similar to the *Yunis* and *Rezaq* cases. In those cases, significant and vital national security interests existed and those national security interests prompted the federal courts to impose a *Roviaro* heightened standard of materiality in assessing whether disclosure of the classified material was warranted. Furthermore, as noted in *Yunis*, a variety of other "sensitive considerations underlie the classified information privilege," and are equally important to protect. 867 F.2d at 622. Similar reasons apply in the present case.

The United States respectfully submits that when the Court examines the classified information the United States seeks not to produce in discovery, the Court will agree that the classified information does not go "to the innocence *vel non* of the defendant, impeach any evidence of guilt, or make more or less probable any fact at issue in establishing any defense to the charges." *United States v. Yunis*, 867 F.2d at 624. Some of it may not be relevant; some of it may be cumulative. Thus, by definition, the classified information is not "helpful to the defense of the accused." *Id.* See also *United States v. Gurolla*, 333 F.3d 944, 951 (9th Cir. 2003) (classified information submitted to the Court pursuant to CIPA deemed "not relevant and helpful to the defense."). Thus, the classified information is not discoverable.

Finally, since the United States has a legitimate need to protect significant and vital national security interests, the United States respectfully submits that this need far outweighs whatever theoretical need the defendant may have for the classified information. *See United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (employing a balancing of the defendant's interest in disclosure against the United States' need to keep the information secret), citing *Roviaro v. United States*, 353 U.S. 53 (1957); *United States v. Sarkissian*, 841 F.2d at 965 (9th Cir. 1988) (same). *Cf. United States v. Yunis*, 867 F.2d at 625 (where the court found it unnecessary to reach the balancing question because the classified information was not "helpful" to the defendant).

Should the Court determine that any of the classified documents are helpful and beneficial to a legally cognizable defense, the United States requests that it be given an opportunity to 1) submit to the Court for approval a redacted version, or 2) to substitute a classified summary of the classified document, or 3) to substitute a statement admitting relevant facts the classified document would tend to prove, as provided in Section 4 of CIPA.

Accordingly, and for all of the foregoing reasons, the United States respectfully requests that the Court review the *ex parte, in camera* submission, and after the review, pursuant to Fed. R. Crim. P. 16(d)(1), enter an order that discovery be denied as to the items contained within the submission. In the event the Court orders a classified

document to be produced, the United States requests the Court to enter an Order allowing it to proceed through one of the alternatives provided for in Section 4 of CIPA.

### IV. Conclusion

For all the reasons and facts set forth in this Memorandum of Law, the United States respectfully moves the Court to enter an Order granting it leave to file an *ex parte, in camera* submission under seal pursuant to Section 4 of CIPA and Fed. R. Crim. P. 16(d)(1).

Date: _____

                                        Respectfully submitted,

                                        RICHARD B. ROPER
                                        United States Attorney

By: _____/s/ James T. Jacks_____
     James T. Jacks
     Assistant United States Attorney
     1100 Commerce St., Suite 300
     Dallas, TX. 75242
     Texas State Bar No. 10449500
     214.659.8600
     214.767.2898 facsimile

CERTIFICATE OF CONFERENCE

This is to certify that the undersigned has conferred with counsel for each of the defendants regarding this motion and they have advised that they (object/do not object) to the granting of this motion.

*James T. Jacks*
JAMES T. JACKS
Assistant United States Attorney

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Motion and accompanying Memorandum of Law, were served upon counsel for each of the defendants by electronic and regular mail this ___12th___, day of ___June___, 2006.

*James T. Jacks*
JAMES T. JACKS
Assistant United States Attorney