UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:04-CR-240-G |
| HOLY LAND FOUNDATION FOR | ) | |
| RELIEF AND DEVELOPMENT (01), | ) | **ECF** |
| SHUKRI ABU BAKER (02), | ) | |
| MOHAMMAD EL-MEZAIN (03), | ) | |
| GHASSAN ELASHI (04), | ) | |
| MUFID ABDULQADER (07), and | ) | |
| ABDULRAHAM ODEH (08), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The defendants Holy Land Foundation for Relief and Development ("the HLF"), Shukri Abu Baker ("Baker"), Mohammad El-Mezain ("El-Mezain"), Ghassan Elashi ("Elashi"), Mufid Abdulqader ("Abdulqader") and Abdulrahman Odeh ("Odeh") (collectively, "the defendants"), move the court for an order requiring the government to provide a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure. For the reasons stated below, the defendants' motion is denied.

I. BACKGROUND

This case arose from the defendants' donations to various organizations alleged to be affiliated with or controlled by Hamas, a specially designated terrorist organization. In their motion, the defendants concede that in the government's first category of allegations -- that the defendants provided charity, on particular dates, in particular amounts, to particular Palestinian charity organizations -- the government adequately identified the transactions alleged. *See* Defendants' Joint Motion and Memorandum for a Bill of Particulars ("Defendants' Motion") at 3. However, with respect to the second category of allegations -- that the HLF singled out for assistance particular families for aid because those families were related to Hamas terrorists, Hamas activists or others who had been jailed or killed by Israel for involvement in terrorism -- the defendants allege that the indictment lacks sufficient specificity and is otherwise vague or ambiguous and requires a bill of particulars. See *id*. Specifically, the defendants contend that the government should be ordered to provide a bill of particulars: (a) identifying the Palestinian families the defendants are alleged to have aided in order to support Hamas terrorism, (b) clarifying the category or categories of families the defendants allegedly wrongfully targeted for charitable assistance, and (c) identifying any unindicted co-conspirators the government intends to call as witnesses at trial. See *id*. at 1.

II. ANALYSIS

A. Identification of Aid Recipients

The defendants urge two reasons that the government should be ordered to provide a bill of particulars. First, the defendants argue that because the indictment lacks sufficient specificity and is otherwise vague and ambiguous, they will have no way to anticipate and defend against what the government will attempt to prove at trial. *See* Defendants' Motion at 4. Second, the defendants argue that defense of the case is impossible, unless narrowed, because the indictment's language is sufficiently broad as to describe categories of families encompassing practically the entire population of Palestine. *See id.* at 3.

The defendants argue that case law recognizes that a court should order a bill of particulars whenever an indictment's failure to provide factual or legal information significantly impairs a defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial. *See id.* at 6 (citing *United States v. Rosa*, 891 F.2d 1063, 1066-67 (3d Cir. 1989); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978), *cert. denied*, 441 U.S. 962 (1979)).

The court is well aware of the rule relied on by the defendants, but it also recognizes that a defendant has no right to a bill of particulars and that the defendants' motion is addressed to the sound discretion of the court, subject to review for clear abuse of that discretion. *United States v. Burgin*, 621 F.2d 1352, 1359

(5th Cir.), *cert. denied*, 449 U.S. 1015 (1980); *United States v. Campbell*, 710 F. Supp. 641, 641 (N.D. Tex. 1989).  The decision whether to grant a bill of particulars in a given case "is an exercise calling for discrete decisions properly infused with the ambience of the trial scene and tailored to fit the facts before the trial judge" and is afforded "substantial discretion." *Davis*, 582 F.2d at 951.

While the defendants are entitled to "a plain concise statement of the essential facts constituting the offenses charged, the indictment need not provide [them] with the evidentiary details by which the government plans to establish [their] guilt." *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir.1986).  Thus, a bill of particulars is not required if a defendant is otherwise provided with sufficient information to enable him to prepare his defense and avoid surprise.  *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986).

In the present case, the defendants argue that "federal courts have readily granted bills of particulars when defendants have sought disclosure of the identities of *the persons* who . . . were recipients of the money or services that are alleged as forming the basis for the allegation of criminal conduct." *See* Defendants' Motion at 8 (emphasis in original).  However, as the government notes in its response brief, the information identifying the persons who received aid from the HLF is already in the defendants' possession.  *See* Government's Response to Defendants' Joint Motion for Bill of Particulars ("Government's Response") at 4.  In its own records, the HLF

sorted the recipients of its aid into the categories outlined in the indictment. *Id.* The defendants counter that they have no way of knowing which of these individuals and families to whom it granted aid were affiliated with Hamas. *See* Reply to Government's Response to Defendants' Joint Motion and Memorandum for a Bill of Particulars ("Defendants' Reply") at 2.

The defendants know to whom they gave aid, so they cannot be seeking the list of names they themselves created. Rather, the defendants apparently want to know exactly what evidence the government has tying to Hamas each individual to whom they gave money. However, it is well established that discovery is not a permissible goal of a bill of particulars. *Davis*, 582 F.2d at 951.

The information allegedly sought by the defendants -- the names of individuals whom they supported -- can be gathered from an examination of the discovery materials produced by the defendants and provided by the government to the defendants. *See* Government's Response at 4. Although the defendants would obviously appreciate having the government sort through their "mountain range" of discovery, *see* Defendants' Motion at 12, to identify the specific evidence it will present at trial, the government need not provide the evidentiary details it will use to establish its case. See *Lavergne*, 805 F.2d at 521. While the defendants are entitled to be free from surprise regarding the charges against them, they are not entitled to have the government prepare their case for trial. *See, e.g.*, Memorandum Opinion and

Order dated December 8, 2006 (Docket Entry 487) at 5.  Because the government cannot be required to reveal before trial its full theory of the case or of all of the evidentiary facts on which its case is founded, the defendants' motion for a bill of particulars on this point is denied.

### B.  Identification of Unindicted Co-Conspirators

The defendants also argue that the government should be ordered to produce a bill of particulars setting out the names of all unindicted co-conspirators whom the government plans to use as witnesses in the trial of this case.  *See* Defendants' Motion at 14.  While the court in *United States v. Barrentine*, on which the defendants rely, stated that "[a] bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses," 591 F.2d 1069, 1077 (5th Cir.), *cert. denied*, 444 U.S. 990 (1979), a motion for a bill of particulars will not be granted when it is being used only to obtain a list of the government's witnesses.  *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976).  Rather, the trial court should grant the motion for a bill of particulars "when the information is necessary" for the defendants to prepare for trial.  *Barrentine*, 591 F.2d at 1077.  The defendants are obliged to show that they will be prejudiced if they do not receive the information sought -- a burden they have failed to fulfill.  *Id.*

Although the court will not grant this motion for a bill of particulars to give the defendants a preview of the government's witness list, the court has ordered the

government to provide defendants with its witness list well in advance of trial. *See* Order dated November 17, 2006 (Docket Entry 471).

### III.  CONCLUSION

For the reasons set forth above, the defendants' motion to order the government to provide a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure is **DENIED**.

**SO ORDERED**.

February 1, 2007.

_____
A. JOE FISH
CHIEF JUDGE