UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION NO. |
| VS. ) | |
| ) | 3:04-CR-240-G |
| HOLY LAND FOUNDATION FOR ) | |
| RELIEF AND DEVELOPMENT (01), ) | **ECF** |
| SHUKRI ABU BAKER (02) ) | |
| MOHAMMAD EL-MEZAIN (03) ) | |
| GHASSAN ELASHI (04) ) | |
| MUFID ABDULQADER (07), and ) | |
| ABDULRAHAM ODEH (08), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, the Holy Land Foundation for Relief and Development ("the HLF"), Shukri Abu Baker ("Baker"), Mohammad El-Mezain ("El-Mezain"), Ghassan Elashi ("Elashi"), Mufid Abdulqader ("Abdulqader") and Abdulraham Odeh ("Odeh") (collectively, "the defendants"), for reconsideration of the court's order denying the defendants' motion to declare the

Classified Information Procedures Act ("CIPA") unconstitutional as applied in this case. For the reasons stated below, the defendants' motion is denied.

I. BACKGROUND

This case arose from the defendants' donations to various organizations alleged to be affiliated with or controlled by Hamas, a specially designated terrorist organization. In their motion, the defendants contend that the court denied their prior motion due to a mistaken belief that the defendants had tech cuts summaries of every Foreign Intelligence Surveillance Act ("FISA") intercept related to this case. *See* Motion and Supporting Memorandum for Reconsideration of Memorandum Opinion and Order Denying Defendants' Joint Motion to Declare CIPA Unconstitutional as Applied in This Case ("Defendants' Motion") at 1-2. The defendants raise two additional arguments in support of their motion in supplemental briefs. First, in an ex parte brief on the issue, the defendants argue that the defendants themselves need access to the classified intercepts in order to find exculpatory information.[1] *See* Sealed Ex Parte Supplemental Memorandum in Support of Motion for Reconsideration of Memorandum Opinion and Order Denying Defendants' Joint Motion to Declare CIPA Unconstitutional as Applied in This Case ("Defendants' Supplement") at 3. Then, in their second supplemental memorandum, the

---

[1] The brief was filed ex parte because the defendants do not want to reveal a defense strategy and alert the government to the specific type of exculpatory information involved. Accordingly, the court will not, in this opinion, reference the type of information sought.

defendants argue that the tech cut summaries the government has provided are completely useless because they are inaccurate.  *See* Second Supplemental Memorandum in Support of Motion and Supporting Memorandum for Reconsideration of Memorandum Opinion and Order Denying Defendants' Joint Motion to Declare CIPA Unconstitutional as Applied in This Case ("Defendants' Second Supplement") at 3.

## II.  ANALYSIS

As noted above, the defendants have raised three arguments in support of their request that the court reconsider its prior ruling and declare that the application of CIPA to this case is unconstitutional.  The defendants' first argument is that the court mistakenly believed that the government has created a tech cut summary for every FISA intercept related to this case and turned all of those summaries over to the defendants.  In fact, the court is well aware that not every intercept has been summarized by the government, just as it is aware that the government has not listened to every intercept involved in this case.  The arguments presented in the defendants' supplemental briefs essentially restate the primary argument presented in their original motion to declare CIPA unconstitutional -- the defendants' lack of access to the classified FISA intercepts prevents them from adequately preparing their defense.  Although the supplemental briefs state the argument in new ways, the

reasoning in the court's original memorandum opinion and order applies with equal force.

Although the defendants do not have personal access to classified information, they do have personal access to all the declassified summaries of the FISA intercepts and to the four lines of FISA intercepts that have been declassified in their entirety. *See* Defendants' Motion at 3. In addition, the defendants' attorneys have been granted security clearances, and they have access to all of the FISA intercepts the government has produced in this case. Finally, the defendants now have personal access to the declassified transcripts of FISA intercepts that the government intends to use at trial. *See* Defendants' Second Supplement at 2. Even so, the defendants argue that this is not enough for them to prepare for trial.

If the defendants need personal access to more of the FISA intercepts, they should follow the procedure outlined by the court in previous opinions. *See, e.g.,* Memorandum Opinion and Order dated November 2, 2006 (Docket Entry #443) at 17-19. The defendants should use the summaries of intercepts and other criteria -- such as the phone numbers or the names of parties involved in communications -- to identify potentially relevant intercepts. *Id.* at 14. Then the defendants can ask the government to review and declassify the intercepts it has identified. What the defendants should not do is continue to argue that their lack of access to classified information impedes their ability to prepare for trial to such an extent that the court

must find CIPA unconstitutional notwithstanding the fact that they have refused to use the means suggested by the court to obtain access to the classified information. The court will not ignore a statute that serves a fundamental role in protecting national security when the defendants refuse to seek information by acting within its parameters. *See* Memorandum Opinion and Order dated December 8, 2006 (Docket Entry #487) at 4. Accordingly, the defendants' motion for reconsideration is denied.

Although the defendants' motion is denied, the court would like to specifically address the argument raised by the defendants in their second supplement -- that "the declassified summaries the government provided to the defense are at best useless and at worst misleading." Defendants' Second Supplement at 3. Although the inaccuracies present in the summary attached to the defendants' second supplement as exhibit B are disturbing, the defendants have not presented evidence to show that such inaccuracies are widespread rather than an isolated incident. If, based on their review of the transcripts provided by the government -- or transcripts provided by their own translators -- the defendants find that more of the declassified summaries are significantly inaccurate or misleading, they should present a motion seeking appropriate relief at that time.[2]

---

[2] Although the court will leave it to the defendants to decide what relief they believe would be required to ensure that their rights are protected, the court believes it is highly unlikely that such appropriate relief would include a declaration that CIPA is unconstitutional.

III. CONCLUSION

For the reasons set forth above, the defendants' motion for reconsideration is **DENIED**.

**SO ORDERED**.

February 27, 2007.

_____
A. JOE FISH
CHIEF JUDGE