UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | CRIMINAL ACTION NO. |
| VS.   ) | |
| ) | 3:04-CR-240-G |
| HOLY LAND FOUNDATION FOR   ) | |
| RELIEF AND DEVELOPMENT (01),   ) | **ECF** |
| SHUKRI ABU BAKER (02),   ) | |
| MOHAMMAD EL-MEZAIN (03),   ) | |
| GHASSAN ELASHI (04),   ) | |
| MUFID ABDULQADER (07), and   ) | |
| ABDULRAHAM ODEH (08),   ) | |
| ) | |
| Defendants.   ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, the Holy Land Foundation for Relief and Development ("the HLF"), Shukri Abu Baker ("Baker"), Mohammad El-Mezain ("El-Mezain"), Ghassan Elashi ("Elashi"), Mufid Abdulqader ("Abdulqader") and Abdulraham Odeh ("Odeh") (collectively, "the defendants"), to reconsider the court's order granting the government's request to make an *ex parte* filing in accordance with Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S. C. App. 3. For the reasons set forth below, the motion is denied.

I. BACKGROUND

This case arose from the defendants' donations to various organizations alleged to be affiliated with or controlled by Hamas, a specially designated terrorist organization. In their motion, the defendants contend that the government should be forced to make a particularized showing of exceptional circumstances in an adversarial proceeding before being allowed to file an *ex parte* submission. *See* Defendants' Joint Motion and Supporting Memorandum for Reconsideration of This Court's Order Granting the Government's Motion to File an Ex Parte, In Camera, Submission Under Seal, Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure ("Defendants' Motion") at 5. In the alternative, the defendants argue that if the court allows the government's *ex parte* submission, it should also give the defendants an opportunity to file papers regarding their discovery requests *ex parte*. *Id.* at 15.

II. ANALYSIS

The defendants first argue that the court should require the government to make a particularized showing of extraordinary circumstances before accepting the government's *ex parte* submission. The defendants point to no language in CIPA § 4 that would support such a requirement. Indeed, the D.C. Circuit, discussing the interplay of CIPA § 4 and Federal Rule of Criminal Procedure 16(d)(1), recently noted that "'the court may permit the government to make its showing, *in whole or in*

*part*, in a written statement to be inspected by the court in camera.'" *United States v. Mejia*, 448 F.3d 436, 457 (D.C. Cir. 2006), *cert. denied*, __ U.S. __, 127 S.Ct. 989 (2007) (emphasis added). Moreover, the plain language of the statute permits the government to make an *ex parte* submission without giving notice to a defendant. See *United States v. Sarkissian*, 841 F.2d 959, 965-66 (9th Cir. 1988).

In *Sarkissian*, the Ninth Circuit found that the "clear language of the statute and its legislative history foreclose" the contention "that the government must file a public claim of privilege before making an ex parte in camera submission." *Id.* at 965. If the government may file an *ex parte* submission without giving the defendants notice, it naturally follows that the government may file an *ex parte* submission without making a particularized showing in an adversarial process. Therefore, the defendants' first argument is without merit.

The defendants next argue that if the court accepts the government's *ex parte* submission, it should also allow the defendants to make an *ex parte* submission regarding discovery. However, the court does not believe that such a filing would be helpful. In reviewing the *in camera* submission of the government, the court will use the test that has been outlined by the D.C. Circuit. See *Mejia*, 448 F.3d at 458; *United States v. Yunis*, 867 F.2d 617, 624-25 (D.C. Cir. 1989); *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir.), *cert. denied*, 525 U.S. 834 (1998). In those cases, the court applied a standard requiring that the classified documents be at least helpful

or beneficial to the defendants before the government will be required to produce them. See *Rezaq*, 134 F.3d at 1142. In recognition of the fact that the defendants cannot directly respond to the *ex parte* submission, this standard creates a lower threshold for the defendants than they would face under *Brady* and "gives the defendants the benefit of the doubt" when assessing the helpfulness of the classified information. *Mejia*, 448 F.3d at 458; see also *Rezaq*, 134 F.3d at 1142 ("A court applying this rule should, of course, err on the side of protecting the interests of the defendant."). Because the defendants will benefit from this deferential standard when the court reviews the government's *ex parte* submission, the court does not believe an *ex parte* submission from the defendants would be helpful.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to reconsider the court's order granting the government's motion to file an *ex parte* submission for in camera review in accordance with CIPA § 4 is **DENIED**.

**SO ORDERED**.

March 28, 2007.

_____
A. JOE FISH
CHIEF JUDGE
