UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:04-CR-240-G |
| HOLY LAND FOUNDATION FOR | ) | |
| RELIEF AND DEVELOPMENT (01), | ) | **ECF** |
| SHUKRI ABU BAKER (02), | ) | |
| MOHAMMAD EL-MEZAIN (03), | ) | |
| GHASSAN ELASHI (04), | ) | |
| MUFID ABDULQADER (07), and | ) | |
| ABDULRAHAM ODEH (08), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, the Holy Land Foundation

for Relief and Development ("the HLF"), Shukri Abu Baker ("Baker"), Mohammad

El-Mezain ("El-Mezain"), Ghassan Elashi ("Elashi"), Mufid Abdulqader

("Abdulqader") and Abdulraham Odeh ("Odeh") (collectively, "the defendants"), to

obtain discovery from the United States Agency for International Development

("USAID"), the United States Department of State ("DOS") and the United States

Department of Treasury ("DOT").  For the reasons set forth below, the motion is granted in part and denied in part.

## I. BACKGROUND

This case arose from the defendants' donations to various organizations alleged to be affiliated with or controlled by Hamas, a specially designated terrorist organization.  On August 25, 2006, the defendants filed a motion seeking subpoenas to obtain discovery from the entities named above and three private entities in accordance with Federal Rule of Criminal Procedure 17(c).  *See* Docket Entry ## 355, 356.  The court denied the portion of the defendants' motion requesting subpoenas for USAID, USDOS and USDOT on November 2, 2006 based on representations made by the government in its response to the motion.  *See* Memorandum Order and Opinion (Docket Entry # 443) at 5-6.  The government stated,

> it is clear that the materials sought in these three subpoenas are materials in the possession of the United States government.  To that end, the government would advise the Court that the defendants have not made any request to the government in this case for production of the material in question pursuant to Rule 16 of the Federal Rules of Criminal Procedure.  While the Government's response to an identical request from the defendants pursuant to Rule 16 may be the same as its response to this motion seeking the issuance of subpoenas duces tecum under Rule 17(c), such a request would appear to be under the proper rule of criminal procedure and more properly framed for review by the Court.

Government's Response to Defendants' Motion for Issuance of Subpoenas Pursuant to Rule 17(c) (Docket Entry # 369) at 2-3. Accordingly, the defendants requested the government produce the materials pursuant to Rule 16. *See* Defendants' Joint Motion and Memorandum in Support of Discovery of USAID, Dept. of State and Dept. of Treasury Documents Pursuant to Rule 16 of the Federal Rules of Criminal Procedure ("Defendants' Motion") at 7-8. The government declined, and the instant motion was filed. *Id.*

## II. ANALYSIS

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) requires the government to give the defendants access to items "within the government's possession, custody or control" so long as the requested items are "material to preparing the defense."

### A. Possession, Custody or Control

As an initial matter, the government argues that the materials sought by the defendants are not within the possession, custody or control of "the government" as that term has been defined by courts interpreting Rule 16. *See* Government's Response to Defendants' Joint Motion and Memorandum in Support of Discovery of USAID, Dept. of State and Dept. of Treasury Documents Pursuance to Rule 16, F.R. CRIM. P. (#510) ("Government's Response") at 4-5. The government posits that "the requested materials are not in the possession of the prosecution, and therefore not in the possession of the government." *Id.* at 5. This stance directly contradicts

the government's prior argument that the documents were in its possession and that the defendants would have to seek the documents under Federal Rule of Civil Procedure 16 for the matter to be properly before this court. *See* Government's Response to Defendants' Motion for Issuance of Subpoenas Pursuant to Rule 17(c) (Docket Entry # 369) at 2-3.

The government will not be allowed to defeat the defendants' motion under Rule 17(c) by arguing it should have been made under Rule 16, and then, a few months later, defeat the motion under Rule 16 by arguing it should be considered under Rule 17(c). "'[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position.'" *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). The United States Supreme Court has recognized that permitting the type of circuitous reasoning offered by the government to succeed would allow a party to pervert the judicial process, play "fast and loose" with the courts, and breach the integrity of the judicial process. *Id.* at 749-750. Accordingly, the government's argument is prohibited by the doctrine of judicial estoppel. *Id.* Based on the government's prior admission, the court finds that the documents requested by the defendants are within the possession of the prosecution.

- 4 -

B. <u>Materiality</u>

The government next argues that the items requested by the defendants are not material to the preparation of their defense.  Government's Response at 8.  The defendants disagree, averring that "during the relevant time frame for this prosecution, the United States government was providing virtually the same charitable gifts at the same time, to the same entities, and that the government continued providing charitable gifts to these entities long after the government forbade these defendants from providing charity."  Defendants' Motion at 9.  The defendants contend these facts are relevant because they help to prove that the charities to which the defendants donated money were not affiliated with Hamas and that the information will help contradict the testimony of government experts who have stated that the charities are affiliated with Hamas.  *Id.* at 10-11.  Moreover, the defendants allege that they were aware that the United States government donated money to these charities and that their knowledge of those donations "afford[ed] HLF and the other defendants a sufficient comfort level . . . that [their] conduct was lawful as a result."  *Id.* at 11.

A district court's decision of whether to order the disclosure of information under Rule 16 is reviewed for abuse of discretion.  *United States v. Brown*, 303 F.3d 582, 591 (5th Cir. 2002), *cert. denied*, 537 U.S. 1173 (2003) (discussing Rule 16(a)(1)(C), which, after the 2002 amendments, is now Rule 16(a)(1)(E)).  To show

- 5 -

that the requested items are material to their defense, the defendants must

demonstrate that the disclosure of the requested evidence would allow them to

significantly "alter the quantum of proof" in their favor. *United States v. Reeves*, 892

F.2d 1223, 1226 (5th Cir. 1990). Similarly, information is material to an

individual's defense only if it counters the government's case in chief. *United States v.*

*Armstrong*, 517 U.S. 456, 463 (1996). The D.C. Circuit has observed that the

"materiality standard normally 'is not a heavy burden,'" *United States v. Lloyd*, 992

F.2d 348, 351 (D.C. Cir. 1993), and that "evidence is material under Rule 16 'as long

as there is a strong indication that it will play an important role in uncovering

admissible evidence, aiding witness preparation, corroborating testimony, or assisting

impeachment or rebuttal.'" *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir.

1998).

  To prove the defendants are guilty of the crimes charged in the indictment, the

government must prove that they knowingly provided support to Hamas. The

defendants wish to refute this allegation with evidence that (1) the groups to which

they donated money are not affiliated with Hamas, and (2) if any of those groups

were affiliated with Hamas, the defendants were not aware of the connection. *See*

Defendants' Motion at 10-11. Some of the items requested by the defendants will

help them mount such a defense. For example, publicly available documents showing

that USAID donated money to *zakat* committees to which the defendants also

donated money may help the defendants show that they did not know such committees were affiliated with Hamas since the defendants argue they relied on reports of USAID's donations in making their own contributions. *Id.* The government contends, however, that the introduction of such evidence will necessitate the introduction of "evidence regarding how the United States distributes aid to organizations" and "a sufficiently detailed explanation of the process by which such aid is allocated and distributed." Government's Response at 8-9. Such evidence would "lengthen the trial and serve to confuse the jury." *Id.* at 9. Ultimately, the government's argument weighs in favor of granting the discovery. If the government's "sufficiently detailed explanation" of why United States departments and agencies contributed funds to *zakat* committees allegedly affiliated with Hamas will confuse a jury, the defendants may well have a valid argument that the United States government's donations to such groups confused them and led them to believe that those *zakat* committees were not, in fact, affiliated with Hamas.

Much of the discovery requested by the defendants, however, does not appear to be material to the preparation of their defense. For example, the defendants' first request for discovery from USAID -- asking for all documents concerning "any program or project at or run by the Islamic University of Gaza" which involved the use of United States funds -- is so broad that many responsive documents would not be relevant to this case, let alone material to the defendants' defense. Moreover,

documents reflecting any inquiry governmental agencies made regarding the ties between entities to whom the government gave money and Hamas would not be material to the preparation of a defense.  As the court noted in its order regarding the defendants' requests for subpoenas under Rule 17(c), the knowledge of another party regarding the ties of an entity to Hamas is "not probative of the defendants' knowledge" regarding the connection.  *See* Docket Entry # 443.  This does not change simply because the other party is a division of the United States government.  Nevertheless, documents showing that employees of the United States government opined or concluded that entities to which the defendants gave money were not affiliated with Hamas may help the defendants prove that such entities were not, in fact, affiliated with Hams.  At the very least, such documents will aid the defendants in impeaching or rebutting the government's expert witnesses.  See *Marshall*, 132 F.3d at 68.

Because some of the items requested by the defendants are material to their defense and others are not, the court modifies the items requested by the defendants and orders the government to produce the following:

> (1)     a list of all entities the United States government contends are controlled by or affiliated with Hamas to which USAID provided financial assistance -- including donations, grants or other charitable assistance -- from 1993 to present;

   (2)     all documents within the possession, custody or control of USAID, the DOS or the DOT that reflect the contribution of funds from any United States department or agency to any *zakat* committee or to any project or institution owned or managed, in whole or in part, by any *zakat* committee or other entity the government alleges is affiliated with or controlled by Hamas from 1993 to present;

   (3)     all documents within the possession, custody or control of USAID, the DOS or the DOT that reflect a determination or opinion that any entity which the government currently alleges is affiliated with or controlled by Hamas was not affiliated with or controlled by Hamas for any period of time between 1993 and present.

**SO ORDERED**.

May ___, 2007.

_____
A. JOE FISH
CHIEF JUDGE