UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:04-CR-240-G |
| HOLY LAND FOUNDATION FOR | ) | |
| RELIEF AND DEVELOPMENT (01), | ) | **ECF** |
| SHUKRI ABU BAKER (02), | ) | |
| MOHAMMAD EL-MEZAIN (03), | ) | |
| GHASSAN ELASHI (04), | ) | |
| MUFID ABDULQADER (07), and | ) | |
| ABDULRAHAM ODEH (08), | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court are two motions of the defendants, the Holy Land Foundation

for Relief and Development ("the HLF"), Shukri Abu Baker ("Baker"), Mohammad

El-Mezain ("El-Mezain"), Ghassan Elashi ("Elashi"), Mufid Abdulqader

("Abdulqader") and Abdulraham Odeh ("Odeh") (collectively, "the defendants"), to

dismiss the indictment.  For the reasons set forth below, the motions are denied.

I. BACKGROUND

This case arose from the defendants' donations to various organizations alleged

to be affiliated with or controlled by Hamas, a specially designated terrorist

organization.  On October 6, 2006, the defendants filed a motion to dismiss the

following counts of the superseding indictment:  (1) counts 1-12 because they fail to

state an offense, or, in the alternative, because the statute upon which the charges are

based is unconstitutionally vague as applied to the defendants; (2) counts 14-18 and

27-31 on the ground that they are barred by limitations; and (3) counts 39-42

because they fail to state an offense.  *See* Defendants' Joint Motion and

Memorandum to Dismiss Certain Counts of the Indictment ("Defendants' Motion")

at 1.  On December 11, 2006, the defendants filed a supplemental motion to dismiss

counts 13-38 of the superseding indictment "on the ground that those counts are

predicated upon President Clinton's unconstitutional designation of HAMAS as a

'specially designated terrorist.'"  Defendants' Supplemental Motion and

Memorandum to Dismiss Certain Counts of the Indictment ("Defendants'

Supplemental Motion") at 1-2.  The defendants have moved, within these two

motions, for the dismissal of every count in the superseding indictment.

## II.  ANALYSIS

### A.  Counts 1-12

The defendants urge the court to dismiss counts 1-12 of the superseding

indictment on the basis that they fail to state a criminal offense under 18 U.S.C.

§ 2339B.  Defendants' Motion at 8.  Federal Rule of Criminal Procedure 7(c) requires

that an indictment "be a plain, concise, and definite written statement of the essential

facts constituting the offense charged." An indictment is sufficient if it contains the elements of the offense, informs the defendant of the charge he must be prepared to meet, and enables the accused to plead acquittal or conviction as a bar to future prosecutions. *United States v. Shelton*, 937 F.2d 140, 142 (5th Cir. 1991); *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986).

The sufficiency of an indictment "is determined by an examination of its specific language, taking account of the indictment as a whole in the context of its statutory background," and "[t]he test for sufficiency is not whether the indictment could have been better drafted, but whether it conforms to minimal constitutional standards." *United States v. Gonzales*, 436 F.3d 560, 569 (5th Cir.), *cert. denied*, ___ U.S. ___, 126 S.Ct. 2045 (2006). Such constitutional standards are met when an indictment states "every element of the crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." *Id.* (internal quotation marks omitted).

The defendants argue that counts 1-12 do not charge an offense under 18 U.S.C. § 2339B because those paragraphs accuse them of supporting organizations operated by or for Hamas but do not allege that the defendants supported Hamas directly. Defendants' Motion at 6-13. Section 2339B proscribes the knowing provision of "material support or resources to a foreign terrorist organization" as well

as attempting or conspiring to provide such support if the person providing the

support knows that the organization (1) is a "designated terrorist organization" that

(2) has engaged or engages in "terrorist activity" or that (3) has engaged or engages in

"terrorism," as those terms are defined by relevant statutes. 28 U.S.C.

§ 2339B(a)(1).

Count one of the superseding indictment, in relevant part, charges the

defendants with providing "material support and resources to the designated Foreign

Terrorist Organization HAMAS by raising funds in the United States and elsewhere,

and sending those funds to organizations and programs in the West Bank and Gaza,

and elsewhere, which operated on behalf of, or under the control of, HAMAS."

Superseding Indictment at 13-14. Similarly, counts two through twelve of the

superseding indictment charge the defendants with knowingly providing or

attempting to provide support to HAMAS by giving money to specific organizations

"which operated on behalf of, or under the control of, HAMAS." *Id.* at 20-21. The

defendants contend this is insufficient because they did not give money directly to

Hamas, and "[n]othing in the language of the statute proscribes providing material

support to an organization 'acting on behalf of, or under the control of'" a foreign

terrorist organization. Defendant's Motion at 10. The court disagrees.

The indictment charges the defendants with knowingly giving money to

Hamas by giving it to organizations operated by and for Hamas. The defendants

essentially ask this court to hold that it is lawful to support a terrorist organization as long as the money is funneled through a subsidiary or affiliate that has not been independently designated as a terrorist organization.  Such a ruling would completely eviscerate the statute by allowing anyone intelligent enough to launder donations to claudestinely give financial support to terrorist organizations without legal consequences.  If the defendants intended that the organizations to whom they gave money should pass the money to Hamas -- as the indictment alleges -- then they violated the clear language of 28 U.S.C. § 2339B.

The defendants next contend that if their donations to alleged subsidiaries of Hamas violated the statute, then § 2339B is unconstitutional because "[n]othing in the language of the statute gives a person of common intelligence notice that he or she may be found guilty of violating that statute by providing humanitarian aid through organizations alleged (although not designated) to be associated with" a foreign terrorist organization.  Defendants' Motion at 13-14.  The defendants give insufficient credit to people of "common intelligence."  It requires no extraordinary acumen to realize that funneling money to an organization operated by or on behalf of a specially designated terrorist organization with the intent that the money be passed on to the designated terrorist group would, at the very least, constitute an attempt to provide support or resources to the terrorist organization in contravention of § 2339B.  The statute would be unconstitutional in its application to the

defendants only if it sought to punish them for innocently giving money to organizations which they later learned were affiliated with Hamas.  However, if the government is unable to prove that the defendants knew the groups to whom they gave money were affiliated with Hamas when they provided support, then the defendants cannot be found guilty under the terms of the statute.  *See* 28 U.S.C. § 2339B(a)(1).  Accordingly, § 2339B is not unconstitutional as applied to the defendants, and the defendants' motion to dismiss counts one through twelve of the superseding indictment is denied.

## B.  Counts 14-18 and 27-31

The defendants next contend that counts 14-18 and 27-31 of the superseding indictment are barred by the statute of limitations.  *See* Defendants' Motion at 20-21. The government responds by arguing that the relevant statutes of limitations were tolled in accordance with 18 U.S.C. § 3292.  *See* Amended Response to Defendants' Joint Motion to Dismiss Certain Counts of the Indictment ("Government's Response") at 10-12.  The defendants appear to have conceded the government's tolling argument, as they do not reassert their statute of limitations argument in their reply brief.  *See* Reply to Government's Response to Defendants' Joint Motion and Memorandum to Dismiss Certain Counts of the Indictment at 1-8.  Furthermore, in their supplemental motion, the defendants state only that they moved to have counts 1-12 and 39-42 dismissed in their initial motion; mention of counts 14-18 and 27-31

is conspicuously missing.  Defendants' Supplemental Motion at 1.  This omission is an indication that the defendants have implicitly waived or withdrawn their statute of limitations argument.  In any event, the court explicitly finds that that argument is without merit.

For the reasons stated in the government's response, the court finds that the relevant statutes of limitations have been tolled in accordance with 18 U.S.C. § 3292.  Therefore, the defendants' motion to dismiss counts 14-18 and 27-31 of the superseding indictment on this ground is denied.

## C.  Counts 13-38

In their supplemental motion, the defendants seek to have counts thirteen through thirty-eight dismissed "on the ground that those counts are predicated upon President Clinton's unconstitutional designation of HAMAS as a 'specially designated terrorist.'"  Defendants' Supplemental Motion at 1-2.  The defendants urge this court to adopt the reasoning of *Humanitarian Law Project v. United States Department of Treasury*, 463 F. Supp. 2d 1049, 1066-67 (C.D. Cal. 2006) (*Humanitarian Law Project I*), *vacated in part on reconsideration*, 2007 WL 1229194 (April 20, 2007), in which the court concluded that President Bush's designation, in Executive Order 13224, of twenty-seven groups and individuals as specially designated terrorists was unconstitutional because the executive order "provides no explanation of the basis upon which these twenty-seven groups and individuals were designated, and

- 7 -

references no findings" that would support the designations.  "In short, the criteria and processes . . . that apply to the delegated designation authority, and that help ensure its constitutionality, do not appear to apply to the President's designation authority."  *Id.* at 1067.  However, this portion of the opinion was vacated on reconsideration because the court found that the plaintiffs lacked standing to challenge the designation of other groups and individuals as terrorists.  *Humanitarian Law Project v. United States Department of Treasury*, No. CV 05 8047 ABC RMCX, ___ Supp. 2d __, 2007 WL 1229194, *6 (C.D. Cal. April 20, 2007) (*Humanitarian Law Project II*).

The reasoning of the court in *Humanitarian Law Project II* applies with equal force to the defendants in this case.  See *id.*  The defendants have offered no reason why they should have standing to challenge the designation of Hamas as a specially designated terrorist organization under Executive Order 12947.  Moreover, the defendants cannot now collaterally attack the constitutionality of § 2339B by arguing that Hamas was improperly designated as a terrorist organization.  *See* 8 U.S.C. § 1189(a)(8) ("a defendant in a criminal action . . . shall not be permitted to raise any questions concerning the validity of the issuance of such designation as a defense or an objection at any trial or hearing.").

In *United States v. Hammoud*, 381 F.3d 316, 331 (4th Cir. 2004) (en banc), *reversed on other grounds*, 543 U.S. 1097 (2005), the Fourth Circuit held that "the *fact*

of an organization's designation as [a foreign terrorist organization] is an element of § 2339B, but the *validity* of the designation is not.  Therefore, [a defendant]'s inability to challenge the designation is not a violation of his constitutional rights." *Id.* (emphasis in original); see also *United States v. Afshari*, 426 F.3d 1150, 1157-58 (9th Cir. 2005) (agreeing with the Fourth Circuit's analysis in *Hammoud*), *rehearing denied*, 446 F.3d 915 (2006), *cert. denied*, __ U.S. __, 127 S.Ct. 930 (2007).  This court adopts the reasoning applied by the fourth and ninth circuits and concludes that the defendants may not challenge counts thirteen through thirty-eight of their indictment by attacking the constitutionality of Hamas's designation as a terrorist organization.  Thus, the defendants' motion to dismiss counts thirteen through thirty-eight of the superseding indictment is denied.

D.  Counts 39-42

Finally, Baker and Elashi challenge counts thirty-nine through forty-two of the indictment, which charge them with violating 18 U.S.C. § 371 -- by conspiring to defraud the United States -- and 26 U.S.C. § 7206(1) -- by knowingly submitting false information on the HLF's income tax returns.  The defendants aver that they did not violate these statutes because the information they submitted on the returns was accurate.  Defendants' Motion at 23-24.  The government counters that the information for "program services" on line 13 of the returns was inaccurate because it includes donations that the HLF made to organizations affiliated with a terrorist

organization, and the HLF's donations to those groups did not constitute a legitimate charitable purpose.  Government's Response at 13-14.

The instructions for line 13 corroborate the government's position.  *See* Defendants' Motion, Exhibit G at 17.  Program services can include two items: (1) activities which "form the basis of the organization's current exemption from tax"; and (2) "the organization's unrelated trade or business activities," the income from which is taxable.  *Id.*  Because providing material support to Hamas by giving money to organizations affiliated with Hamas -- the conduct with which the defendants are charged -- is illegal, the HLF's donations to such affiliated organizations cannot have formed the basis of its tax exempt status.  Therefore, any donations to those organizations reported on line 13 of the HLF's tax forms was improper.  Accordingly, counts thirty-nine through forty-two of the superseding indictment properly allege criminal conduct.

## III.  CONCLUSION

For the reasons stated above, the defendants' motions to dismiss the charges in the superseding indictment are **DENIED**.

**SO ORDERED**.

May 23, 2007.

A. JOE FISH
CHIEF JUDGE