UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION NO. |
| VS. ) | |
| ) | 3:04-CR-240-G |
| HOLY LAND FOUNDATION FOR ) | |
| RELIEF AND DEVELOPMENT (01), ) | **ECF** |
| SHUKRI ABU BAKER (02), ) | |
| MOHAMMAD EL-MEZAIN (03), ) | |
| GHASSAN ELASHI (04), ) | |
| MUFID ABDULQADER (07), and ) | |
| ABDULRAHAM ODEH (08), ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

The government wrote to the court on May 21, 2007 ("Government's Letter") asking for clarification regarding Docket Entry # 630 -- a memorandum opinion and order granting discovery to the defendants from the United States Agency for International Development ("USAID"), the United States Department of State ("DOS") and the United States Department of Treasury ("DOT"). The defendants

responded to the government's letter on May 23, 2007 ("Defendants' Letter"), and both sides filed additional correspondence with the court on May 25, 2007.

The government requests clarification on five points regarding the court's prior order. In its first and third points, the government asks for clarification on related issues. First, the government notes that the court's prior order requires it to produce documents regarding entities and *zakat* committees which the government "contends" or "alleges" are affiliated with or controlled by Hamas. The government assumes those terms refer to "any *zakat* committee or entity *alleged in the indictment* to be controlled by Hamas, *or which the government intends to prove at trial* is controlled by Hamas." *See* Government's Letter ¶ 1 (emphasis in original). The government contends that a broader definition of those terms would render the order "unmanageably overbroad" and require it to produce evidence that is not material to the defense. *Id.* Moreover, the government argues that as a practical matter, it is unable to produce documents related to projects and institutions controlled by such *zakat* committees because it does not know which committees, if any, may be excluded from the production. *Id.* ¶ 3. The court agrees with the government on these points. Evidence regarding entities about which the government will not offer evidence at trial and which are not named in the indictment is immaterial, and possibly completely irrelevant, to the defendants' defense.

In its second point, the government argues that the production of documents from the Financial Management Service ("FMS"), a component of the DOT, would be duplicative and attempting to search the documents would be incredibly burdensome and impractical. *Id.* ¶ 2. Therefore, the government requests that the court exclude FMS documents from its prior order. *Id.* The defendants agree with the request. *See* Defendants' Letter at 2. Therefore, the court will exclude FMS documents from the order.

In its fourth point, the government asks the court to narrowly define a phrase used in the third category of documents the court's prior order requires it to produce. Government's Letter ¶ 4. The court's order requires the government to produce documents "that reflect a determination or opinion" that relevant entities were not affiliated with or controlled by Hamas at any time from 1993 to present. Docket Entry # 630 at 9. The government argues that the opinions or determinations expressed by individual employees "would not be relevant or material to the defense." Government's Letter ¶ 4. The defendants, not surprisingly, disagree. They posit that evidence showing government officials "with responsibility and knowledge regarding the delivery of humanitarian aid in Palestine" do not believe *zakat* committees are controlled by or affiliated with Hamas would be exculpatory because it may help the defendants prove that some of the entities to which they gave charitable aid were not, in fact, controlled by or affiliated with Hamas. Defendant's letter at 3-4. The court

- 3 -

generally agrees with the defendants on this point.  If there are government officials working at the relevant departments and agencies who have expressed an opinion or determination that an entity -- either named in the indictment or which the government intends to prove is affiliated with or controlled by Hamas at trial -- is not actually affiliated with or controlled by Hamas and the government has possession, custody or control of a document containing that opinion or determination, it would be material to the defense and must be produced to the defendants.

In the fifth and final point, the government asks the court to limit the time frame for which it must produce documents described in the first two categories of the court's prior order.  *See* Government's Letter ¶ 5.  It argues that the defendants could not have relied on donations made by the government to organizations allegedly affiliated with or controlled by Hamas after 2001 as a defense because the HLF was closed in 2001.  *Id.*  The defendants demur, contending that documents post-2001 are relevant because evidence regarding such donations will help them show, *inter alia*, that entities to which they donated money were not, in fact, affiliated with Hamas.  *See* Defendants' Letter at 4.  The court agrees with the defendants on this point as well.  At the very least, these documents will help the defendants prepare their witnesses and provide material to impeach or rebut government witnesses.  See *United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998).  Therefore, those documents are also material to the defendants' defense.

- 4 -

Accordingly, the court's prior order is modified and the government shall produce the following:

>(1)  a list of all entities to which USAID provided financial assistance -- including donations, grants or other charitable assistance -- from 1993 to present, which (a) are alleged in the indictment to be affiliated with or controlled by Hamas, or (b) the United States government intends to prove at trial are affiliated with or controlled by Hamas;
>
>(2)  all documents within the possession, custody or control of USAID, the DOS or the DOT -- except documents and records from the FMS -- that reflect the contribution of funds between 1993 and the present from any United States department or agency to any *zakat* committee or to any project or institution owned or managed, in whole or in part, by any *zakat* committee or other entity which (a) is alleged in the indictment to be affiliated with or controlled by Hamas, or (b) the United States government intends to prove at trial is affiliated with or controlled by Hamas;
>
>(3)  all documents within the possession, custody or control of USAID, the DOS or the DOT that reflect a determination or opinion that any entity which (a) is alleged in the indictment to be affiliated with or controlled by Hamas, or (b) the United States government intends to prove at trial is affiliated with or controlled by Hamas, was not affiliated with or controlled by Hamas for any period of time between 1993 and present.

**SO ORDERED**.

June 4, 2007.

                                                      A. JOE FISH
                                                      CHIEF JUDGE