UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:04-CR-240-G |
| HOLY LAND FOUNDATION FOR RELIEF | ) | |
| AND DEVELOPMENT (01), | ) | **ECF** |
| SHUKRI ABU BAKER (02), | ) | |
| MOHAMMAD EL-MEZAIN (03), | ) | |
| GHASSAN ELASHI (04), | ) | |
| MUFID ABDULQADER (07), and | ) | |
| ABDULRAHAM ODEH (08), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, the Holy Land Foundation for Relief and Development ("the HLF"), Shukri Abu Baker ("Baker"), Mohammad El-Mezain ("El-Mezain"), Ghassan Elashi ("Elashi"), Mufid Abdulqader ("Abdulqader") and Abdulraham Odeh ("Odeh") (collectively, "the defendants"), to compel the government to provide discovery on a variety of issues (Docket Entry # 396).

On November 2, 2006, Chief Judge Fish denied the portion of the defendants' motion related to "disclosure concerning electronic surveillance." *See* Docket Entry # 444 at 1. Judge Fish explicitly refrained from ruling on the portions of the defendants' motion involving the

government's use of the Society for Worldwide Interbank Financial Telecommunications ("SWIFT") banking transactions monitoring program and five additional specific requests for discovery. *Id.*; *See* Defendants' Joint Motion and Memorandum to Compel Government Disclosure of Warrantless and/or Illegal Electronic or Other Surveillance in this Case and for Other Discovery ("Defendants' Motion") at 20-25, 32-35.

Although the defendants provide a thorough overview of the SWIFT program, see *id.* at 20-25, they do not request any specific relief regarding the government's use of that program, *id.* at 26-32. Instead, the defendants focus entirely on what they refer to as the "NSA Program" in making their request for disclosure. Because Judge Fish denied this discovery in his November 2, 2006 Order and because the defendants do not request any specific discovery regarding the SWIFT program, their motion on this point is denied.

Next the defendants request five specific categories of discovery. *Id.* at 33-35. The government responds to the first and third requests -- asking for evidence cited by a court in a prior civil case involving the HLF and for exculpatory evidence -- by noting it has already provided the requested materials to the defendants, although it has declined to specify which previously produced materials are responsive to the requests. *See* Government's Response to Defendants' Joint Motion to Compel Government Disclosure of Warrantless and/or Illegal Electronic or Other Surveillance in this Case and for Other Discovery ("Government's Response") at 6-7. Judge Fish has previously ruled on this issue. *See* Docket Entry # 487 at 4. For the reasons set forth in Docket Entry # 487, the defendants' first and third requests for evidence are denied.

The defendants' second request seeks disclosure of the defendants' own statements to the defendants -- defense counsel with the appropriate security clearances already have access to these documents. *See* Defendant's Motion at 34. Judge Fish has dealt with this issue in at least three opinions. *See* Docket Entry ## 443 at 17-22, 487 at 2-7, and 550 at 3-5. For the reasons set forth in Judge Fish's prior rulings, the defendants' second request is denied.

The fourth specific request asks that the government be forced to produce certain documents provided by the Government of Israel. *See* Defendant's Motion at 34. Those documents have since been provided to the defendants. *See* Docket Entry ## 492, 496. Therefore, the defendants' fourth request is denied as moot.

Finally, in their fifth request, the defendants seek three categories of documents related to the government's use of language specialists and a "taint team" to identify and handle documents containing information protected by the attorney-client privilege. *See* Defendants' Motion at 34-35. The government responds that it has provided the documents described in the first of these three categories and that the Federal Rules of Criminal Procedure do not require it to produce the documents in the other two categories. *See* Government's Response at 9-10. The court agrees with the government's assessment. Accordingly, the defendants' motion to compel the materials described in their fifth specific discovery request is denied.

**SO ORDERED**.

June 29, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE