UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION NO. |
| VS. ) | |
| ) | 3:04-CR-240-G |
| HOLY LAND FOUNDATION FOR ) | |
| RELIEF AND DEVELOPMENT (01), ) | **ECF** |
| SHUKRI ABU BAKER (02), ) | |
| MOHAMMAD EL-MEZAIN (03), ) | |
| GHASSAN ELASHI (04), ) | |
| MUFID ABDULQADER (07), and ) | |
| ABDULRAHAM ODEH (08), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, the Holy Land Foundation for Relief and Development ("the HLF"), Shukri Abu Baker ("Baker"), Mohammad El-Mezain ("El-Mezain"), Ghassan Elashi ("Elashi"), Mufid Abdulqader ("Abdulqader") and Abdulraham Odeh ("Odeh") (collectively, "the defendants"), to require the government to declassify all of the communications obtained via the

Foreign Intelligence Surveillance Act ("FISA") and for a continuance. In the alternative, the defendants ask the court impose one of two sanctions on the government: first, that the court "preclude the government from introducing or relying upon any intercepted communications from lines to which the defendants have not had access due to the government's refusal to declassify them in advance of trial"; second, that the court prohibit the government from using at trial forty-five transcripts of conversations that were never provided to the defendants in summary form. Defendants' Motion to Prohibit the Government from Introducing or Relying Upon Any Intercepted Conversations From Lines to Which the Defendants Do Not Have Access and for a Continuance ("Defendants' Motion") at 1-2.

The defendants acknowledge that the court has dealt with their primary request previously. *Id.* at 2. By the court's count, the defendants' requests for declassification and/or a continuance have been dealt with in writing on at least four occasions. *See* Docket Entries 443 at 12-22, 487 at 2-5, 550 at 3-5, and 634 (citing the previous three decisions).

The defendants have raised no new arguments in the present motion for declassification to elicit a different response from the court. Indeed, as the court has previously noted,

> the executive branch is granted exclusive authority to determine who should have access to classified information. *[Department of Navy v.] Egan*, 484 U.S. [518,] 527 [(1988)]. Limited by the separation of powers, this

> court will not take the extraordinary step of ordering the
> government to provide the defendants, who do not have
> the appropriate security clearance, with access to classified
> documents. Cf. *Perez v. Federal Bureau of Investigation*, 71
> F.3d 513, 515 n.6 (5th Cir. 1995), *cert. denied*, 517 U.S.
> 1234 (1996).

Docket Entry 443 at 21-22. Thus, even if the court agreed with the defendants that the government should declassify all the defendants' statements,[1] it does not have the power to require the government to declassify documents. The only recourse available is to impose some form of sanction on the government. *See* 18 U.S.C. App. 3 § 6(e)(2). For the first time, the defendants request such sanctions in their alternative arguments for relief.

As a first alternative, the defendants ask the court to prevent the government from introducing any evidence from any of the classified lines of FISA surveillance. As a second alternative, the defendants ask that the government not be permitted to rely on forty-five FISA intercepts from classified lines that were not provided to the defendants in declassified summary form. The court believes that these sanctions are inappropriate for several reasons.

Regarding the first alternative request, the defendants had personal access to declassified tech cut summaries of many communications, spent time reviewing those summaries, and determined that they were at least somewhat helpful in finding

---

[1] The court takes no position regarding the prudence of the executive branch's decision not to declassify the defendants' statements.

exculpatory evidence. *See* Defendants' Motion at 3, 6.  Regarding the second alternative request, the government has never said its case would be limited to intercepts that had been provided to the defendants in summary form.  Though the defendants contend "the government is now doing what it promised the Court and the defendants that it would not do: use a large number of FISA transcripts that were never summarized and not previously available to the defendants," the defendants cite no pleading or status conference transcript in which the alleged promise was made.  *Id.* at 6.  The court's review of prior pleadings and transcripts also fails to disclose this "promise."

As noted by the defendants in their motion, counsel for the government previously stated that they used tech cuts as a primary method of discerning relevant FISA communications but supplemented their review by searching for intercepts that involved certain individuals or phone numbers.  *See* Defendants' Motion at 4 n.1 (the defendants quote a prior government brief:  "'the prosecution has been *primarily relying upon the existing summaries* to identify calls it wishes to offer into evidence, *in addition to* selectively searching the nonpertinent calls using specific criteria, such as significant dates and telephone numbers.'") (the first emphasis appears in the defendants' motion, the second is added by the court).  The defendants have estimated that ninety percent of the thousands of FISA intercepts at issue in this case have never been summarized; therefore, the government's use of forty-five such

intercepts at trial is hardly, in the language of the defendants, a "large number." *Id.* at 6. In fact, these forty-five intercepts constitute less than twenty-three percent of the intercepts the government intends to use at trial.[2]

Moreover, the defendants have admitted that the government offered, as early as August 2005, to seek declassification of any intercepts they might request. Docket Entry 633 at 4. The government and the court recommended defense counsel adopt the same approaches used by the government to identify relevant classified information: use (1) the summaries of intercepts and (2) other criteria, such as phone numbers or the names of parties involved in communications, to identify potentially relevant intercepts. *See* Docket Entry 550 at 4. However, as of the end of February, defense counsel had presented no classified communications to the government for declassification. *Id.* at 4-5.

Having refused to seek declassification of specific documents for at least eighteen months after the government offered its assistance, the defendants now wish to place blame on the government for their own failure to seek declassification of documents in preparation for trial. Defense counsel chose to drag their feet for more

---

[2] The defendants state that the government has "designated approximately 200 transcripts for use at trial." Defendants' Motion at 2. The defendants had access to the full transcripts for approximately fifty of those intercepts because the FISA lines from which they were derived have been declassified; they also had access to declassified summaries of 105 additional intercepts identified by the government. *Id.* Thus, the defendants had personal access to some amount of the information contained in roughly 155 of 200 -- 77.5% -- of the intercepts the government plans to use at trial.

than a year and a half in seeking declassification of specific documents that might have aided their clients' defense.  Instead of adopting procedures suggested by the government and approved by the court, defense counsel have relentlessly relied on their belief that there is an unlevel playing field and that the process approved by the court is inherently unfair.  To this day, the defendants have *still* never explained what, if anything, they have done to find relevant classified communications and efficiently prepare for trial.  See *United States v. Walters*, 351 F.3d 159, 170 (5th Cir. 2003) (discussing the factors relevant in deciding whether to grant a continuance, including the defendants' role in shortening the time needed to prepare for trial); *see also* Docket Entry 443 at 14 ("at no point have the defendants given the court any explanation of the steps they are taking, or have taken, to make [their trial preparation] process go more quickly.")

Rather than using the tools available to them, the defendants filed motion after motion seeking continuances, wholesale declassification of FISA intercepts and reconsideration of those motions when they have been partially or wholly denied.  In doing so, the defendants have repeatedly explained their belief that the procedures offered by the government, and approved by the court, are unjust.  They apparently adopted a wait and see strategy, declining to use those procedures while pursuing a seemingly never-ending string of motions rehashing the same issues.

By the time this trial begins, more than twenty-three months will have elapsed since the government made its first offer to seek declassification of communications that would assist the defendants in their defense.  The court has previously observed,

> the defendants have unfettered personal access to the four lines of FISA intercepts that have been completely declassified. . . .  In addition, as the defendants' attorneys appropriately point out, the defendants can discuss their independent recollections of their actions with their attorneys in order to assist their attorneys in formulating a defense strategy.

Docket Entry 487 at 7 (internal citations omitted).  However, the defendants chose, for more than eighteen months, not to participate in the process of searching for and identifying exculpatory intercepts and requesting their declassification.  As the eve of trial approaches, the court is no longer sympathetic to the defendants' pleas that they lack the time necessary to search the classified FISA lines to find exculpatory information.  *See* Defendants' Motion at 6.

For the reasons stated above, the defendants' motion for declassification and for a continuance is **DENIED**.  The defendants' alternative requests for sanctions that would prevent the government from using some or all previously classified FISA intercepts at trial are also **DENIED**.

**SO ORDERED**.

July 5, 2007.

_____
A. JOE FISH
CHIEF JUDGE