UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:04-CR-240-G |
| HOLY LAND FOUNDATION FOR | ) | |
| RELIEF AND DEVELOPMENT (01), | ) | **ECF** |
| SHUKRI ABU BAKER (02), | ) | |
| MOHAMMAD EL-MEZAIN (03), | ) | |
| GHASSAN ELASHI (04), | ) | |
| MUFID ABDULQADER (07), and | ) | |
| ABDULRAHAM ODEH (08), | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants, the Holy Land Foundation for Relief and Development ("the HLF"), Shukri Abu Baker ("Baker"), Mohammad El-Mezain ("El-Mezain"), Ghassan Elashi ("Elashi"), Mufid Abdulqader ("Abdulqader") and Abdulraham Odeh ("Odeh") (collectively, "the defendants"), for an order requiring the government to make a showing under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb *et seq.*

In their motion, the defendants allege that the government has criminalized their religious obligation to engage in *zakat* -- charitable giving.  *See* Motion and Memorandum in Limine Regarding Issues Arising Under the Religious Freedom Restoration Act and the First Amendment, and Request for Evidentiary Hearing as Necessary ("Defendants' Motion") at 3.  To reach this conclusion, the defendants admit that the court must agree with them on several points.  First, the court must find that engaging in *zakat* is required by Islam.  *Id.* at 7.  Next, the court must find that the defendants adhere to the tenants of Islam.  *Id.*  Finally, the court must agree that the defendants' donations to *zakat* committees -- which the government alleges are affiliated with or controlled by Hamas, a specially designated terrorist organization -- was religious conduct.  *Id.*

Regarding the final point, both sides agree that neither the Constitution nor RFRA gives the defendants the right to knowingly fund terrorism.  *Id.* at 7 ("the defendants are not now claiming, nor have they ever claimed that they have a religious right to fund terrorism").  Therefore, the issue is whether the defendants knew that the organizations to which they gave money were affiliated with or controlled by Hamas.

As the court has previously noted, "if the government is unable to prove that the defendants knew the groups to whom they gave money were affiliated with Hamas when they provided support, then the defendants cannot be found guilty

under the terms of the statute. *See* 28 U.S.C. § 2339B(a)(1)." Docket Entry # 650 at 6. The converse is similarly true; the defendants may only be found guilty in this case if the government proves that they knew the organizations to which they gave money were affiliated with Hamas. This is the fatal flaw in the defendants' argument regarding RFRA. The defendants can be found guilty only if they engaged in conduct that they admit is nonreligious -- knowingly providing financial support to a specially designated terrorist organization. *See* Defendant's Motion at 7. By contrast, if the jury finds that the defendants were engaged in legitimate religious conduct, they will not have violated the law and cannot be convicted.

Because the defendants can only be convicted if the government proves they engaged in unprotected conduct, RFRA has not been implicated. Accordingly, the defendants' motion for a hearing regarding issues arising under RFRA is **DENIED**.

**SO ORDERED**.

July 11, 2007.

_____
A. JOE FISH
CHIEF JUDGE