UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION NO. |
| VS. ) | |
| ) | 3:04-CR-240-G |
| HOLY LAND FOUNDATION FOR ) | |
| RELIEF AND DEVELOPMENT (01), ) | **ECF** |
| SHUKRI ABU BAKER (02), ) | |
| MOHAMMAD EL-MEZAIN (03), ) | |
| GHASSAN ELASHI (04), ) | |
| MUFID ABDULQADER (07), and ) | |
| ABDULRAHAM ODEH (08), ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the government asking the court to reconsider a portion of its May 4, 2007 Memorandum Opinion and Order (Docket Entry # 628), which disposed of the government's motion to impose measures to protect the identities of certain trial witnesses. In its prior opinion, the court adopted procedures proposed by the government to protect the identity of a government witness employed by the Israeli Security Agency ("ISA") but denied those procedures for an

officer in the Israeli Defense Forces ("IDF").  In denying the government's motion with respect to the IDF officer, the court concluded, based on the information provided by the government, that the IDF officer's identity was not secret or classified under Israeli law.  *See* Docket Entry # 628 at 9.

Together with their motion for reconsideration, the government has provided evidence that the IDF officer's identity is secret and that the revelation of his identity would harm Israel's national security.  *See* Declaration of Major Avi K. ¶¶ 9-12, Exhibit B to Government's Motion to Reconsider Order Denying Protective Measures for Israeli Defense Forces Witness and Memorandum in Support ("Government's Motion").  Accordingly, the IDF officer's identity constitutes classified information under American law, and its disclosure is presumed to harm national security.  *See* Executive Order No. 13292 §§ 1.1(c), 6.1(r), 2003 WL 1618058, *15315 , *15331 (March 25, 2003) (the unauthorized disclosure of foreign government information -- "information provided to the United States Government by a foreign government . . . with the expectation that the information, the source of the information, or both, are to be held in confidence" -- is presumed to cause damage to the national security of the United States).  Therefore, the court concludes that the security measures approved for the government's witness employed by the ISA should also be approved for the IDF officer.  For the reasons stated in the court's prior opinion, the court also finds that these security measures are narrowly tailored to intrude as little as possible

on the defendants' rights to a public trial and to confront witnesses against them while protecting national security. *See* Docket Entry # 628 at 7-8.

Accordingly, the IDF officer may testify using a pseudonym and may enter and exit the courtroom via a non-public door. During his testimony, the court will exclude the public from the courtroom but allow them to observe the proceedings via live audio and video feed that will not show the IDF witness.

**SO ORDERED**.

July 11, 2007.

_____
A. JOE FISH
CHIEF JUDGE