

DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

Barry Jonas
Attorney
Criminal Division
United States Department of Justice
Washington, DC 20530

UNITED STATES OF AMERICA
DEPARTMENT OF THE TREASURY
WASHINGTON

Date:    January 4, 2006

I HEREBY CERTIFY that the annexed documents, listed or described below, are true copies of official records (or extracts therefrom) maintained in _____ the Office of Foreign Assets Control

_____ , and that I am the custodian thereof:

Blocking Notice dated December 3, 2001, on HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT (f.k.a. OCCUPIED LAND FUND), 525 International Parkway, Suite 509, Richardson, Texas 75081, U.S.A.; P.O. Box 832390, Richardson, Texas 75083, U.S.A.; 9250 South Harlem Avenue, Bridgeview, Illinois, U.S.A.; 345 East Railway Avenue, Paterson, New Jersey 07503, U.S.A.; 12798 Rancho Penasquitos Boulevard, Suite F, San Diego, California 92128, U.S.A., and other locations within the United States; Hebron, West Bank; Gaza; U.S. FEIN: 95-4227517.

_____
Signature

Office of Foreign Assets Control
Title

B.    HEREBY CERTIFY that ____Jennifer A. Houghton_____ who signed the foregoing certificate was at the time of signing Assistant Director, Designation Investigations and who was the legal custodian of the above listed documents, and that full faith and credit should be given such certificate.

IN TESTIMONY WHEREOF I have hereunto set my hand, and caused the seal of the Department of the Treasury to be affixed this _____9th_____ day of _____January_____ two thousand and _____Six_____.

By direction of the Secretary of the Treasury:

Department of Treasury
Records Management Services Branch
Authorized Certifying Official

_____
NOTICE OF CERTIFICATION

NOTICE OF CERTIFICATION

GOVERNMENT
EXHIBIT
011-0005
3:04-CR-240-G
U.S. v. HLF, et al.



# DEPARTMENT OF THE TREASURY
### WASHINGTON, D.C. 20220

## DESIGNATION AND BLOCKING MEMORANDUM

The Department of the Treasury, pursuant to Executive Order 13224 ("Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism"), Executive Order 12947 ("Prohibiting Transactions With Terrorists Who Threaten To Disrupt the Middle East Peace Process"), and section 203 of the International Emergency Economic Powers Act, 50 U.S.C. § 1701 et seq. ("IEEPA"), and section 5 of the United Nations Participation Act of 1945, as amended (22 U.S.C. 287c) ("UNPA") finds that there is reasonable cause to believe that on or since the effective dates (12:01 a.m. EDT, September 24, 2001 and 12:01 a.m. EDT, January 24, 1995), the entities identified below and in evidentiary memoranda FAC Nos. 179518 and 197440, have been determined to be subject to E.O. 13224 and E.O. 12947 for the reasons set forth in the evidentiary memoranda.

ENTITIES (3):

**AL-AQSA ISLAMIC BANK** (a.k.a. **AL-AQSA AL-ISLAMI BANK**), P.O. Box 3753 al-Beireh, West Bank; Ramallah II 970, West Bank.

**BEIT EL-MAL HOLDINGS** (a.k.a. **ARAB PALESTINIAN BEIT EL-MAL COMPANY**) (a.k.a. **BEIT AL MAL HOLDINGS**) (a.k.a. **BEIT EL MAL AL-PHALASTINI AL-ARABI AL-MUSHIMA AL-AAMA AL-MAHADUDA LTD.**) (a.k.a. **PALESTINIAN ARAB BEIT EL MAL CORPORATION, LTD.**) (translated as **HOUSE OF MONEY**), P.O. Box 662, Ramallah, West Bank.

**HOLY LAND FOUNDATION FOR RELIEF AND DEVELOPMENT** (f.k.a. **OCCUPIED LAND FUND**), 525 International Parkway, Suite 509, Richardson, Texas 75081, U.S.A.; P.O. Box 832390, Richardson, Texas 75083, U.S.A.; 9250 South Harlem Avenue, Bridgeview, Illinois, U.S.A.; 345 East Railway Avenue, Paterson, New Jersey 07503, U.S.A.; 12798 Rancho Penasquitos Boulevard, Suite F, San Diego, California 92128, U.S.A., and other locations within the United States; Hebron, West Bank; Gaza; U.S. FEIN: 95-4227517.

Consequently, pursuant to Executive Order 13224 of September 23, 2001 and Executive Order 12947 of January 25, 1995, the property and interests in property of the subjects listed above and in the attached memoranda are determined to be subject to Executive Orders 13224 and 12947, and therefore to be subject to the prohibitions applicable under Executive Orders 13224 and 12947.

The President determined in section 10 of Executive Order 13224 (September 23, 2001) that because of the ability to transfer funds or assets instantaneously, prior notice to persons listed in the Annex to, or determined to be subject to, E.O. 13224 who might

-2-

have a constitutional presence in the United States, would render
ineffectual the blocking and other measures authorized in the
Executive Order.  Therefore, the President determined that no
prior notification of a determination need be provided to any
person who might have a constitutional presence in the United
States.  In making this determination pursuant to section 1(c) of
the Executive Order, I also find that no prior notice should be
afforded the subject of this determination because to do so would
give the subject the opportunity to evade the measures described
in Executive Orders 13224 and 12947, consequently, render those
measures ineffectual toward addressing the national emergency
declared in that Executive Order.  Accordingly, I direct that
appropriate notice be provided to the entities determined herein
to be subject to E.O. 13224 and E.O. 12947, and who have a
constitutional presence in the United States, after this
determination becomes effective.

In consequence whereof, all real and personal property of the
subjects identified above and in the attached memoranda, including
but not limited to all accounts in which the above-named subjects
have any interest, are blocked; and all transactions involving
U.S. persons, wherever located or from the United States, and the
subjects named above and in the attached memoranda are prohibited
unless licensed by the Office of Foreign Assets Control.

_Dec. 3 2001_
Date

Paul H. O'Neill
Secretary of the Treasury