IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | |
| HOLY LAND FOUNDATION FOR | § | CASE NO. |
| RELIEF AND DEVELOPMENT (1), | § | 3:04-CR-0240-P |
| SHUKRI ABU BAKER (2), | § | |
| MOHAMMAD EL-MEZAIN (3), | § | |
| GHASSAN ELASHI (4), | § | |
| MUFID ABDULQADAR (7), | § | |
| ABDULRAHMAN ODEH (8). | § | |

**MEMORANDUM OPINION AND ORDER**

Now before this court is Defendant Mohammad El-Mezain's ("El-Mezain") Motion to Sever, filed June 10, 2008. El-Mezain argues that he will suffer overwhelming and incurable prejudice if he is tried jointly with his co-defendants, thus warranting severance under Fed. R. Crim. P. 14. For the reasons stated herein, Defendant's motion is hereby DENIED.

**I.    Background**

The Defendants in this case have been charged with raising and sending funds to certain zakat committees that were allegedly operated on behalf of, or under the control of, the terrorist organization Hamas. The United States charged all the defendants with three conspiracy counts and multiple substantive counts related to those conspiracies. A re-trial is scheduled because the jury did not reach a verdict on any of the defendants' counts, except some of the counts on El-Mezain. The jury acquitted El-Mezain of Counts 2 through 32, but did not reach a verdict on Count 1, which was one of the conspiracy counts (Conspiracy to Provide Material Support to a Foreign Terrorist Organization). The Government seeks to retry El-Mezain on the Count 1 conspiracy, while El-Mezain's five co-defendants are to be retried on Counts 1 through 32 in addition to counts related to a tax conspiracy. El-Mezain has been acquitted of two conspiracy counts charged to his co-defendants – Conspiracy to Provide Funds, Goods and Services to Specially Designated Terrorist; and Conspiracy to Commit Money Laundering.

1

## II.     Arguments Advanced by the Parties

In his Motion, Defendant El-Mezain argues that if he is tried jointly with his co-defendants, he will suffer overwhelming prejudice from the introduction of evidence relating to counts for which he has been acquitted. (Def.'s Mot. Sever 1.) The Defendant claims that the magnitude of the "prejudicial spillover" of evidence cannot be cured through limiting instructions or closing jury instructions. (Def.'s Mot. Sever 1.) The Defendant also argues that the risk of prejudice is heightened by factors including the complexity of the case and the disproportional quantity of evidence to be offered for the multiple counts against the co-defendants compared to the one count against him. (Def.'s Mot. Sever 6,7.) The defendant further argues that even with instructions, the jury will be unable to distinguish the evidence introduced toward specific counts. (Def.'s Mot. Sever 7.) As an example of evidence the Defendant argues is not connected to the one count charged to him, is the evidence resulting from the 'Philadelphia Meeting,' where two co-defendants allegedly discussed support of Hamas. (Def.'s Mot. Sever 3.) El-Mezain notes that although he did not attend the meeting, the Government will introduce evidence of the meeting against the defendants to support all counts, including the same counts in which the jury already acquitted him. (Def.'s Mot. Sever 3.) In regards to judicial economy, the Defendant notes that a separate trial will be shorter and less-complicated than a joint trial, and any small diminution in judicial economy is far outweighed by the considerations warranting a severance. (Def.'s Mot. Sever 8-9.)

The Government opposes a separate trial and severance of El-Mezain from his co-defendants. The Government alleges that judicial economy will be impaired by a severance (Govt.'s Resp. 3), and because the evidence supports proof of all three conspiracies as well as the substantive counts, the evidence introduced at a retrial will likely be admissible and relevant to both the one count of El-Mezain and to the counts of his co-defendants (Govt.'s Resp. 2-3). Likewise, the Government states that most of the evidence introduced at the first trial will be admissible and relevant during a separate trial for El-Mezain. (Govt.'s Resp. 2-3.) In response to the Defendant's position on the 'Philadelphia Meeting,' the Government noted that El-Mezain planned to attend but became ill at the last minute; and the

conversations at the meeting were in furtherance of a conspiracy that the Government alleges El-Mezain was a member of. (Govt.'s Resp. 4.)

**III.    Legal Standard**

A severance of defendants may be obtained upon a showing of prejudice under Fed. R. Crim. P. 14, s*ee Zafiro v. United States*, 506 U.S. 534, 538 (1993), but it is "within the sound discretion of the trial judge as to whether the defendants should be tried together or severally." *Opper v. United States*, 348 U.S. 84, 95 (1954). Rule 14 recognizes that joinder may prejudice a party, and provides:

> If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Fed. R. Crim. P. 14(a). The Supreme Court advises that a district court should grant a severance under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The Fifth Circuit requires a defendant to "make a compelling showing of prejudice" to obtain a severance under Rule 14. *United States v. Scott*, 795 F.2d 1245, 1250 (5th Cir. 1986). The Fifth Circuit has also stated that "[d]efendants named in the same indictment should generally be tried together, particularly when they are allegedly members of a conspiracy." *United States v. Booker*, 334 F.3d 406, 415 (5th Cir. 2003).

**IV.    Analysis**

When considering the risk of prejudice, the court must determine "whether the jury can be expected to follow the court's instructions." *United States v. Salomon*, 609 F.2d 1172, 1175 (5th Cir. 1980). "If the jury can keep separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, a severance should not be granted." *United States v. Ramirez*, 145 F.3d 345, 355 (5th Cir. 1998). "When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures,

3

such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *Scott*, 795 F.2d at 1250.

### A. Prejudicial Spillover

El-Mezain argues he will suffer incurable 'prejudicial spillover' if re-tried with his co-defendants because the government will seek to introduce evidence of the thirty-one counts for which El-Mezain has already been acquitted. The risk of 'prejudical spillover' may occur when "evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone," is admitted against a co-defendant. *Zafiro,* 506 U.S. at 539; *United States v. Peterson*, 244 F.3d 385, 393 (5th Cir. 2001). "For example, evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." *Zafiro,* 506 U.S. at 539. However, "[a] spillover effect, by itself, is an insufficient predicate for a motion to sever." *United States v. Bieganowski*, 313 F.3d 264, 287 (5th Cir. 2002).

The defendant emphasizes that the risk of 'prejudicial spillover' is heightened by a disparity of involvement of the defendants in the overall scheme, or a disproportionality in the evidence offered against the defendants, such as a disparity in the quantum of proof or the type of proof offered against different defendants. (Def.'s Mot. Sever 6.) The defense explains that in the first trial, the government introduced hundreds of exhibits and volumes of evidence directed towards the four conspiracy counts, only one of which now remains as to El-Mezain. (Def.'s Mot. Sever 7-8.) The defendant asserts that in the re-trial, nearly the same evidence will be presented against the other defendants, most of which is no longer relevant to El-Mezain. (Def.'s Mot. Sever 8.) Because of the magnitude of the prejudicial spillover, El-Mezain states that the jury will be unable to make a particularized determination of whether El-Mezain was a member of the remaining conspiracy count against him. (Def.'s Mot. Sever 4.) The Defendant stresses the impossibility for the jurors to follow instructions and distinguish the evidence relating to the conspiracy in Count 1 from evidence relating to the substantive counts relating to that conspiracy, and the counts relating to two other conspiracies. (Def.'s Mot. Sever 8.)

The defendant has not presented a compelling enough showing of 'prejudicial spillover' to obtain severance. *See Scott*, 795 F.2d at 1250. The Fifth Circuit has cautioned that a "[s]everance under [Rule] 14 is an appropriate remedy for a disparity in the evidence only in the most extreme cases," *United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994), and "a quantitative disparity in the evidence is clearly insufficient in itself to justify severance." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993). The Fifth Circuit also instructs that "severance is not required merely because the Government introduced evidence admissible only against individual co-defendants." *United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990). To give an example of the prejudicial spillover and disparity of involvement, the Defendant provides the example of the 'Philadelphia Meeting' involving several co-defendants. The Defendant's use of the 'Philadelphia Meeting' example did not include an explanation of how the lack of El-Mezain's presence will considerably reduce the amount of evidence admissible against him or affect his participation in the conspiracy. The Defendant's arguments are insufficient to demonstrate that a significant amount of the Government's evidence is irrelevant to Count 1 or otherwise inadmissible against El-Mezain, and therefore has not shown a disparity in the evidence at re-trial to the extent that a jury could not separate and evaluate evidence relevant to each defendant. *See Zafiro*, 506 U.S. at 539; *Salomon*, 609 F.2d at 1175. The Court finds that the Defendant has not demonstrated a heightened risk of prejudicial spillover resulting from evidence presented against co-defendants that would compromise a trial right of El-Mezain. Most importantly, the Court notes that El-Mezain faced essentially the same charges as his co-defendants in the first trial. The jury, however, was able to consider the charges against each Defendant separately, as shown by the jury's acquittal of El-Mezain on most of the charges against him.

### B. Prejudice Due to Complexity of the Case

El-Mezain also argues that the complexity of the case will also increase the risk of prejudice because of a jury's difficulty in keeping track of the charges and testimony against each defendant. "When many defendants are tried together in a complex case and they have markedly different degrees of

culpability, this risk of prejudice is heightened." *Zafiro*, 506 U.S. at 539. However, a jury's difficulty in keeping evidence separate is not enough for severance. *Ramirez*, 145 F.3d at 355. The Defendant points out that as the number of counts is increased, the record becomes more complex and it is more difficult for a juror to keep the various charges against several defendants, and the testimony as to each of them, separate in a juror's mind. (Def.'s Mot. Sever P 6). However, the Fifth Circuit has found limiting instructions to the jury sufficient to protect defendants' trial rights in cases of similar complexity, upholding denials of motions to sever. *See United States v. Bribiesca*, No. 97-50405, slip op. at 4 (5th Cir. June 29, 1999) (44-count superseding indictment; 4 defendants); *see also United States v. Solis,* 299 F.3d 420, 441 (5th Cir. 2002) (36-count indictment; 11 defendants at trial); *United States v. Posada-Rios*, 158 F.3d 832, 865 (5th Cir. 1998) (52 counts; 134-page superseding indictment charging 35 defendants); *United States v. Phillips*, 664 F.2d 971, 1016-17 (5th Cir. Unit B Dec. 1981) (36-count, 100-page indictment; 12 defendants), *overruled on other grounds by United States v. Huntress*, 956 F.2d 1309 (5th Cir. 1992); *United States v. Martino*, 648 F.2d 367, 385-86 (5th Cir. June 1981) (35-count indictment, 20 defendants; over 200 witnesses). As noted above, the jury in the first trial did not appear to have difficulty distinguishing among the defendants on the various counts. The Court is of the opinion that its instructions will be adequate to remedy any possible prejudice that may arise in a joint trial, and that severance is not warranted under Rule 14. *See Zafiro*, 506 U.S. at 539.

**C. Judicial Economy**

In deciding a motion for severance, the district court "must balance potential prejudice to the defendant against the public interest in joint trials where the case against each defendant arises from the same general transaction." *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004). The Defendant asserts that a separate trial with only El-Mezain would be shorter and less complicated, and thus not impair judicial economy. However, the Defendant does not provide a compelling argument that judicial economy will not be significantly impaired by severance. The Court's review of the case thus far indicates that the Government would likely seek to introduce much of the same evidence at a separate

trial on Count 1 against El-Mezain as they would in a trial against the remaining defendants. Considering the amount of evidence that will likely need to be introduced a second time at a separate trial for El-Mezain, the Defendant has not shown that a separate trial will be much shorter or more efficient.

**V.     Conclusion and Order**

El-Mezain has not shown that the prejudice he may suffer from a trial with his co-defendants is sufficiently serious to jeopardize the jury's ability to determine his guilt or innocence. Therefore, Defendant's motion is hereby DENIED.

It is SO ORDERED, this 6th day of August 2008.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE