✎AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1    TXND Mod - 09/28/04

# UNITED STATES DISTRICT COURT

__Northern__   District of   __Texas - Dallas Division__

UNITED STATES OF AMERICA
## V.

HOLY LAND FOUNDATION

FOR RELIEF AND DEVELOPMENT AKA HLF

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **3:04-CR-240-P(01)**

USM Number: **N/A**

**Not Represented**

Defendant's Attorney

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 2 9 2009

CLERK, U.S. DISTRICT COURT
By _____
          Deputy
```

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)    **1-32  of revised Superseding Indictment**
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2339B(a)(1) | Conspiracy to Provide Material Support to a Foreign Terrorist Organization | January 30, 2003 | 1 |
| | (cont'd on Sheet 1A) | | |

The defendant is sentenced as provided in pages 1 through _____6_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ **Count(s)  in original Indictment** _____  ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 27, 2009**

Date of Imposition of Judgment

_Jorge A. Solis_

Signature of Judge

**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**

Name and Title of Judge

_May 29, 2009_

Date

AO 245B      (Rev. 12/03) Judgment in a Criminal Case
             Sheet 1A

Judgment—Page ___2___ of ___6___

DEFENDANT:  **HOLY LAND FOUNDATION**
CASE NUMBER: **3:04-CR-240-P(01)**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2339B(a)(1) | Providing Material Support to a Foreign Terrorist Organization | August 18, 1998 | 2 |
| | | August 21, 1998 | 3 |
| | | December 31, 1998 | 4 |
| | | May 21, 1999 | 5 |
| | | October 13, 1999 | 6 |
| | | December 10, 1999 | 7 |
| | | April 11, 2000 | 8 |
| | | April 11, 2000 | 9 |
| | | January 17, 2001 | 10 |
| 50 USC §§ 1701-1706 | Conspiracy to Provide Funds, Goods and Services to a Specially Designated Terrorist | January 30, 2003 | 11 |
| 50 USC §§ 1701-1706 | Providing Funds, Goods and Services to a Specially Designated Terrorist | October 20, 1998 | 12 |
| | | December 31, 1998 | 13 |
| | | December 31, 1998 | 14 |
| | | June 3, 1999 | 15 |
| | | September 23, 1999 | 16 |
| | | September 23, 1999 | 17 |
| | | December 13, 1999 | 18 |
| | | December 14, 1999 | 19 |
| | | January 17, 2001 | 20 |
| | | June 11, 2001 | 21 |
| 18 USC § 1956(h) | Conspiracy to Commit Money Laundering | January 30, 2003 | 22 |
| 18 USC § 1956(a)(2)(A) | Money Laundering | October 20, 1998 | 23 |
| | | December 31, 1998 | 24 |
| | | December 31, 1998 | 25 |
| | | June 3, 1999 | 26 |
| | | September 23, 1999 | 27 |
| | | September 23, 1999 | 28 |
| | | December 13, 1999 | 29 |
| | | December 14, 1999 | 30 |
| | | January 17, 2001 | 31 |
| | | June 11, 2001 | 32 |

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
            Sheet 4—Probation

Judgment—Page ___3___ of ___6___

DEFENDANT: **HOLY LAND FOUNDATION**
CASE NUMBER: **3:04-CR-240-P(01)**

## PROBATION

    Pursuant to the Sentencing Reform Act of 1984, but taking the Guidelines as advisory pursuant to United States v. Booker, and considering the factors set forth in 18 U.S.C. Section 3553(a), the defendant organization is hereby sentenced to unsupervised probation for a term of: ONE (1) YEAR on all counts.

The defendant shall not commit another federal, state or local crime.

    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties   TXND Mod 2 - 09/28/04

Judgment — Page ___4___ of ___6___

DEFENDANT: **HOLY LAND FOUNDATION**
CASE NUMBER: **3:04-CR-240-P(01)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 12,800.00 | $ N/A | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution), payable to the U.S. District Clerk to be disbursed to the following payee(s) in the amount(s) listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|
|  | $ |  |

| **TOTALS** | $ _____ |
|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments    TXND Mod 1 - 09/28/04

Judgment — Page __5__ of __6__

DEFENDANT: **HOLY LAND FOUNDATION**
CASE NUMBER: **3:04-CR-240-P(01)**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    **It is ordered that the defendant pay to the United States a special assessment of $12,800.00, for Counts 1-32, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: See Sheet 6B.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
            Sheet 6B — Schedule of Payments

Judgment—Page    6    of    6

DEFENDANT: **HOLY LAND FOUNDATION**
CASE NUMBER: **3:04-CR-240-P(01)**

## FORFEITED PROPERTY

The Court adopts the jury's Special Verdict on forfeiture and imposes a money judgment on the defendant for $12.4 million for which it is jointly and severally liable with the other defendants in the Special Verdict. The Court also condemns and forfeits to the Government the following property of the defendant as specific property involved in or traceable to property involved in the commission of offense in Count 22 of the Superseding Indictment for which the defendant was convicted:

1.  $309,470.00 and all accrued interest in Morgan Stanley Bank account number 115020379

2. $12,030.00 and all accrued interest in DFS Services LLC account number 6011-0175-5229-737

3. $12,099.00 and all accrued interest in Fidelity Bank account number X67-287881

4. $113,066.73 and all accrued interest in TD BankNorth account number 4800585611

5. $8,334.41 and all accrued interest in Bank of America account number 5359006349

6. $83,486.97 and all accrued interest in Bank of America account number 5359006336

7. $1,251,366.18 and all accrued interest in Bank of America account number 5359006378

8. $212,784.75 and all accrued interest in Bank of America account number 5359006352

9. $1,252,721.72 and all accrued interest in Chase Bank account number 395914728

10. $16,099.70 and all accrued interest in Chase Bank account number 395914744

11. $537,752.68 and all accrued interest in Standard Bank and Trust account number 5402299001

12. $315,663.45 and all accrued interest in North American Islamic Trust bank account number 76352

13. $290,504.33 and all accrued interest in North American Islamic Trust account number 76343

14. $2,371.79 and all accrued interest in MSI Housing Fund account number HF-109

15. $40,342.83 and all accrued interest in Citibank account number 15118754

16. $22,266.42 and all accrued interest in HSBC Bank USA account number 668033509

17. $149,357.82 and all accrued interest in District Court - Western Washington - Division 2 representing Saturna Capital (Amana Mutual Funds Trust Income Fund account number 12707-00-10) blockings that were transferred to the Court on 4/13/06

18. $1,282,308.93 and all accrued interest in District Court - Western Washington - Division 2 representing Saturna Capital (Amana Mutual Funds Trust Growth Fund account number 12707-00-11) blockings that were transferred to the Court on 4/13/06